The STATE of Ohio, Appellee,

v.

RITCHIE, Appellant.

[Cite as State v. Ritchie, 174 Ohio App.3d 582, 2007-Ohio-6577.]

Court of Appeals of Ohio,
Fifth District, Ashland County.

No. 07–COA–039.

Decided Dec. 7, 2007.

---

Ramona Francesconi Rogers, Ashland County Prosecutor, and Karen DeSanto Kellogg, Assistant Prosecuting Attorney, for appellee.

O. Joseph Murray, for appellant.

HOFFMAN, Presiding Judge.

{¶ 1} Defendant-appellant, Kenneth L. Ritchie, appeals the July 26, 2007 judgment entry entered by the Ashland County Court of Common Pleas, which overruled his application to seal his record of conviction. Plaintiff-appellee is the state of Ohio.

## STATEMENT OF THE CASE [1]

{¶ 2} On October 19, 1995, the Ashland County Grand Jury indicted appellant on two counts of illegal conveyance or possession of a deadly weapon on school premises, in violation of R.C. 2923.122(A). Appellant appeared before the trial court for arraignment and entered a plea of not guilty to the indictment. The trial court released appellant on his own recognizance. The matter was scheduled for trial on January 17, 1996.

---

1. Any facts necessary for our disposition of appellant's assignment of error shall be contained therein.

{¶ 3} Appellant appeared on the day of trial, and he advised the trial court that he wished to withdraw his not-guilty plea and enter a plea of guilty to Count One of the indictment. The trial court conducted a Crim.R.11 colloquy with appellant, and after finding that appellant was knowingly, voluntarily, and intelligently entering the plea, the trial court accepted the plea and found appellant guilty of one count of illegal conveyance or possession of a deadly weapon on school premises. The state made an oral motion to dismiss Count Two of the indictment. The trial court sustained the motion and ordered a dismissal of Count Two. After a presentence investigation, appellant appeared for sentencing on March 1, 1996. The trial court sentenced appellant to one year of incarceration, but suspended the sentence and placed appellant on reporting probation for a period of two years. As part of the terms and conditions of appellant's probation, he was required to serve the first 30 days of his probation incarcerated at the Ashland County Jail.

{¶ 4} Appellant was discharged from probation on February 18, 1998. Appellant filed an application to seal his record of conviction on April 17, 2007. The state objected, asserting that appellant was not entitled to expungement pursuant to R.C. 2953.36(D). The trial court conducted a hearing on July 2, 2007. Via a judgment entry filed July 26, 2007, the trial court overruled appellant's application to seal his record of conviction. The trial court noted that appellant was employed as a school bus driver, and at the time of the offense, he was driving a bus full of children ranging in age from first graders to 18–year–old students. Therefore, appellant was ineligible for expungement and the sealing of his record pursuant to R.C. 2953.36(D).

{¶ 5} It is from this judgment entry that appellant appeals, raising the following assignment of error:

{¶ 6} "I. The trial court erred as matter of law in this Section 2953.32 O.R.C., Application to Seal the Record of a Section 2923.122(A) O.R.C. Conviction in ruling that Section 2953.36 9(D), O.R.C. applied to make defendant appellant ineligible for the sealing of his record."

{¶ 7} This case comes to us on the accelerated calendar governed by App.R. 11.1, which states the following:

{¶ 8} "(E) **Determination and judgment on appeal**

{¶ 9} "The appeal will be determined as provided by App.R. 11.1. It shall be sufficient compliance with App.R. 12(A) for the statement of the reason for the court's decision as to each error to be in brief and conclusionary form.

{¶ 10} The decision may be by judgment entry in which case it will not be published in any form."

I

{¶ 11} In his sole assignment of error, appellant maintains that the trial court erred in finding him ineligible for the sealing of his records pursuant to R.C. 2953.36(D). We disagree.

{¶ 12} " '[E]xpungement is an act of grace created by the state,' and so is a privilege not a right." *State v. Simon* (2000), 87 Ohio St.3d 531, 533, 721 N.E.2d 1041, quoting *State v. Hamilton* (1996), 75 Ohio St.3d 636, 639, 665 N.E.2d 669. In light of its nature, "[e]xpungement should be granted only when all requirements for eligibility are met." Id.

{¶ 13} R.C. 2953.32 permits a "first offender" to apply to the sentencing court for sealing of a conviction record and reads:

{¶ 14} "(A)(1) Except as provided in section 2953.61 of the Revised Code, a first offender may apply to the sentencing court if convicted in this state, or to a court of common pleas if convicted in another state or in a federal court, for the sealing of the conviction record. Application may be made at the expiration of three years after the offender's final discharge if convicted of a felony, or at the expiration of one year after the offender's final discharge if convicted of a misdemeanor."

{¶ 15} R.C. 2953.36 sets forth the types of convictions that preclude sealing and reads:

{¶ 16} "Sections 2953.31 to 2953.35 of the Revised Code do not apply to any of the following:

{¶ 17} " * * *

{¶ 18} "(D) Convictions of an offense in circumstances in which the victim of the offense was under eighteen years of age when the offense is a misdemeanor of the first degree or a felony * * *"

{¶ 19} Appellant argues that the mere fact that children were on the bus at the time of the offense does not make them "victims" as contemplated by R.C. 2953.36. Appellant submits that there was no evidence that the students ever knew that weapons were on the bus or ever knew that a crime had taken place. Appellant suggests that because R.C. Chapter 2953 does not provide a definition of the word "victim," this trial court should look to other guidelines in construing R.C. 2953.36(D). Specifically, appellant refers to R.C. 2930.01(H), which reads as follows:

{¶ 20} "(H) 'Victim' means either of the following:

{¶ 21} "(1) A person who is identified as the victim of a crime or specified delinquent act in a police report or in a complaint, indictment, or information that

charges the commission of a crime and that provides the basis for the criminal prosecution or delinquency proceeding and subsequent proceedings to which this chapter makes reference.

{¶ 22} "(2) A person who receives injuries as a result of a vehicle, streetcar, trackless trolley, aquatic device, or aircraft accident that is proximately caused by a violation described in division (A)(3) of this section or a motor vehicle accident that is proximately caused by a violation described in division (A)(4) of this section and who receives medical treatment as described in division (A)(3) or (4) of this section, whichever is applicable."

{¶ 23} We find that R.C. 2930.01 is inapplicable, because the definition set forth therein is specific only to that chapter of the revised code. We further find like the trial court that the children on the bus that appellant controlled were victims within the meaning of R.C. 2923.122(A) and were jeopardized by his conduct. The legislature enacted R.C. 2923.122(A), of which appellant was convicted, to protect children occupying school property against the dangers of weapons. Accordingly, we conclude that the trial court did not err in finding appellant ineligible for the sealing of his records pursuant to R.C. 2953.36(D).

{¶ 24} Appellant's sole assignment of error is overruled.

{¶ 25} The judgment of the Ashland County Court of Common Pleas is affirmed.

Judgment affirmed.

FARMER and DELANEY, JJ., concur.