[Cite as *State v. Gordon*, 2013-Ohio-5143.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

State of Ohio, :

      Plaintiff-Appellant, :

                                    No. 13AP-328

v. : (C.P.C. No. 12EP-950)

Eric V. Gordon, : (REGULAR CALENDAR)

      Defendant-Appellee. :

---

D E C I S I O N

Rendered on November 21, 2013

---

*Ron O'Brien*, Prosecuting Attorney, and *Barbara A. Farnbacher*, for appellant.

---

APPEAL from the Franklin County Court of Common Pleas

CONNOR, J.

{¶ 1} Plaintiff-appellant, the State of Ohio ("the State"), appeals from a judgment of the Franklin County Court of Common Pleas sealing the record of a misdemeanor conviction of defendant-appellee, Eric V. Gordon ("appellee"), in case No. 93CR-07-5719.

## I. FACTS AND PROCEDURAL HISTORY

{¶ 2} During an altercation that took place in 1993, appellee struck Aaron Dawson on the head with a metal club-like object. Dawson died as a result of a single blow to the head. Appellee was subsequently charged with involuntary manslaughter but he later plead guilty to negligent homicide, a misdemeanor in the first degree.[1]

---

[1] Appellee also applied for an order sealing the record of a related felony conviction but the trial court ruling on that application is not the subject of this appeal.

{¶ 3} On December 18, 2012, appellee filed an application for an order sealing the record of the misdemeanor conviction pursuant to R.C. 2953.32(A). The State filed an objection to the application on January 28, 2013, arguing that R.C. 2953.36(F) precludes the trial court from sealing the record of a conviction of violence where the victim is a minor. On March 8, 2013, a hearing was held on the motion before the Honorable David E. Cain. At the hearing appellee's counsel addressed the State's objection as follows:

> [PROSECUTOR]: First, it is an aggravated assault, which is an offense of violence. Second, as indicated in the facts in regard to the other case, the '93 case, the victim there was a - - was a juvenile; and I'd also note that it's a rather serious charge in the second one, so I think for all those reasons, it would be proper to deny the motion to expunge.
>
> Thank you.
>
> [APPELLEE'S COUNSEL]: As far as the second case, Your Honor, the misdemeanor case and the child being - - the victim alleged to have been a child of 16 years old, I don't think there's any evidence in the record other than the prosecutor's objection from 2001 that states that. It wasn't an aggravating circumstance - - aggravating specification in the indictment. I don't believe it was ever proven or any evidence brought before the Court to show that the child was - - the victim was under 18.
>
> So I don't think the Court - - I know this isn't a true evidentiary hearing, but unless there's some evidence whatsoever that the victim was under 18, I don't think the Court can just take that under advisement respectfully.

(Tr. 4-5.)

{¶ 4} The State responded to appellee's argument as follows:

> [PROSECUTOR]: Your Honor, if the age of the victim is an issue, we can - - we have a copy of his case on microfiche. I'm sure I can pull up the felony packet. So, if the Court would find that to be an issue, we can present the facts to the Court at a later date, not today or this afternoon - - or whenever the Court would feel appropriate.

(Tr. 6.)

{¶ 5} At the close of the hearing, the trial court made the following comments:

> THE COURT: I don't think they have to put it in the indictment that he was a minor in order to prevent it from being expunged later down the road. I'm going to take it under advisement, because it doesn't look like he's eligible, but I'll wait and make sure you have that evidence. It will probably be denied.

(Tr. 8.)

{¶ 6} On March 21, 2013, the trial court issued an "Entry Sealing Record of Conviction Pursuant to R.C. 2953.32." The trial court made no reference to the age of the victim in its judgment entry. The State filed a notice of appeal on April 19, 2013.

{¶ 7} Thereafter, on May 9, 2013, the State filed a "Motion to Correct the Record" in the trial court. Attached thereto is the May 8, 2013 affidavit of Assistant Prosecutor Jason Kester, wherein he avers:

> 1. I was the assistant prosecutor assigned to expungement case number 12EP-950.
>
> 2. On March 8, 2013, the matter was set for a hearing on the defendant's application, to which the State had objected. I appeared at the hearing and advised the court of our objection. The defendant claimed that the State did not prove that the victim was under 18, and the court continued the hearing.
>
> 3. Later that day, I advised the court and opposing counsel that I had requested the felony packet, which would contain a copy of the victim's death certificate, and I had located newspaper headlines from the library referencing the victim's death.
>
> 4. On March 14, 2013, I appeared with opposing counsel and showed the court a copy of the victim's death certificate, newspaper headlines from the library referencing the victim's death, and a citation to a related court of appeals' case.

{¶ 8} The trial court granted the State's motion to correct the record in an entry dated May 29, 2013, which states that "[t]he record shall hereby include the contents of the affidavit sworn and subscribed by Jason Kester, Assistant Prosecuting Attorney, on May 8, 2013, and attached with the State's motion." On July 2, 2013, a supplemental record was filed with the clerk of this court.

## II. STANDARD OF REVIEW

{¶ 9} We generally review a trial court's disposition of an application for an order sealing the record of a conviction under the abuse of discretion standard. *State v. Norfolk*, 10th Dist. No. 04AP-614, 2005-Ohio-336, ¶ 4, citing *State v. Hilbert*, 145 Ohio App.3d 824, 827 (8th Dist.2001). "An abuse of discretion * * * implies that the attitude of the trial court was 'unreasonable, arbitrary or unconscionable.' " *Id.,* quoting *Blakemore v. Blakemore,* 5 Ohio St.3d 217, 219 (1983). However, where questions of law are in dispute, an appellate court reviews the trial court's determination de novo. *Id.,* citing *State v. Derugen,* 110 Ohio App.3d 408, 410 (3d Dist.1996).

## III. ASSIGNMENT OF ERROR

{¶ 10} In its appeal, the State assigns the following assignment of error:

> THE TRIAL COURT ERRED WHEN IT GRANTED AN APPLICATION TO SEAL THE RECORD OF CONVICTION, IN CONTRAVENTION OF R.C. 2953.36(F), WHEN THE VICTIM OF THE OFFENSE WAS UNDER 18 YEARS OF AGE.

## IV. LEGAL ANALYSIS

{¶ 11} " ' "[E]xpungement is an act of grace created by the state," and so is a privilege not a right.' " *State v. Ritchie,* 174 Ohio App.3d 582, 2007-Ohio-6577, ¶ 12 (5th Dist.), quoting *State v. Simon,* 87 Ohio St.3d 531, 533 (2000), quoting *State v. Hamilton,* 75 Ohio St.3d 636, 639 (1996). In light of its nature, " '[e]xpungement should be granted only when all requirements for eligibility are met.' " *Id.,* quoting *Simon* at 533. A trial judge must examine the entire record to determine whether the applicant is subject to exclusion, and where exclusion is not apparent from the record, further inquiries outside the record may be necessary. *Simon* at 535.

{¶ 12} R.C. 2953.31 through 2953.36 establishes a general statutory framework for sealing criminal records. *State v. Watson*, 10th Dist. No. 12AP-771, 2013-Ohio-2111, ¶ 7. Pursuant to R.C. 2953.32(A)(2), a first offender convicted of a misdemeanor may apply for an order sealing the record of such conviction at the expiration of one year after the offender's final discharge. However, R.C. 2953.36 precludes sealing of records for certain convictions, in relevant part, as follows:

> Sections 2953.31 to 2953.35 of the Revised Code do not apply to any of the following:
>
> * * *
>
> (F) Convictions of an offense in circumstances in which the victim of the offense was under eighteen years of age when the offense is a misdemeanor of the first degree or a felony.

{¶ 13} The documents submitted by the State in conjunction with the motion to correct the record appear to be copies of a Franklin County Coroner's report. However, the copies are of such poor quality that the relevant information is undecipherable. Indeed, upon examination, we are unable to reliably determine either the identity or age of the decedent. Additionally, we note that there are no newspaper articles or other documents contained in the supplemental record, even though Kester's affidavit refers to such evidence.

{¶ 14} In its March 21, 2013 judgment entry, the trial court found only that there "are no criminal proceedings pending against the applicant," and that sealing the record of his conviction was "consistent with the public interest." The trial court did not make any findings regarding the age of the victim, nor did the court make any reference to the evidence submitted by the State on March 14, 2013. Consequently, we are unable to determine, on this record, whether the trial court considered the State's evidence of the victim's age but found it to be unreliable, or simply disregarded reliable evidence and, contrary to its earlier pronouncement, sealed the record of conviction.

{¶ 15} The preclusive affect of R.C. 2936.32(F) is strictly construed against the applicant. *See Ritchie* (R.C. 2936.32(F) precludes sealing of school bus driver's misdemeanor conviction for transporting a firearm on the school bus even though the

children did not know the bus driver had a firearm). Given the record in this case, and in consideration of the preclusive affect of R.C. 2936.32(F), we conclude that the trial court abused its discretion by failing to determine the age of the victim and set forth its findings on the record.

{¶ 16} Based upon the foregoing, appellant's sole assignment of error is sustained.

## V. DISPOSITION

{¶ 17} Having sustained appellant's sole assignment of error, we reverse the judgment of the Franklin County Court of Common Pleas. Therefore, this matter is remanded for the trial court to make a finding of the victim's age based upon the evidence submitted by the State, and to re-determine the merits of appellee's application in light of such finding.

*Judgment reversed;*
*cause remanded.*

KLATT, P.J., and TYACK, J., concur.

_____