[Cite as *State v. Goudy*, 2016-Ohio-5193.]

STATE OF OHIO, BELMONT COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO, | ) | |
| | ) | |
| PLAINTIFF-APPELLEE, | ) | |
| | ) | CASE NO. 15 BE 0046 |
| V. | ) | |
| | ) | OPINION |
| MARK ALLEN GOUDY, | ) | |
| | ) | |
| DEFENDANT-APPELLANT. | ) | |

CHARACTER OF PROCEEDINGS:   Criminal Appeal from Court of Common Pleas of Belmont County, Ohio Case No. 15 CR 75

JUDGMENT:   Affirmed

APPEARANCES:
For Plaintiff-Appellee        Helen Yonak
                              Assistant Prosecuting Attorney
                              Court House Annex I
                              147-A W. Main St.
                              St. Clairsville, Ohio 43950

For Defendant-Appellant       Attorney William E. Galloway
                              3539 West Street
                              Weirton, WV 26062

JUDGES:

Hon. Gene Donofrio
Hon. Cheryl L. Waite
Hon. Carol Ann Robb

Dated: July 29, 2016

DONOFRIO, P.J.

{¶1}   Defendant-appellant, Mark Goudy, appeals from a Belmont County Common Pleas Court judgment convicting him of one count of reproduction of obscene material involving a minor and one count of possession of obscene material involving a minor, following his guilty plea and the sentence that followed.

{¶2}   On May 27, 2015, appellant was charged by way of a bill of information with one count of reproduction of obscene material involving a minor, a second-degree felony in violation of R.C. 2907.321(A)(1); and one count of possession of obscene material involving a minor, a fourth-degree felony in violation of R.C. 2907.321(A)(5).   These charges stemmed from appellant's alleged viewing and downloading of internet pornography depicting underage girls.

{¶3}   Pursuant to a plea agreement with plaintiff-appellee, the State of Ohio, appellant pleaded guilty to the bill of information.  In exchange, the state agreed to recommend a total prison term of two years and no fine.  Additionally, the state agreed not to pursue additional charges against appellant and not to oppose a request for judicial release.  The trial court accepted appellant's plea, entered a finding of guilt, and set the matter for a sentencing hearing.

{¶4}   At the sentencing hearing, the court heard from numerous witnesses on appellant's behalf including his wife, his parents, his pastor, and his counselor.  Appellant also addressed the court. And the court heard from the investigating detective.

{¶5}   After listening to the witnesses and considering the statutory factors, the trial court announced its sentence.  For the second-degree felony, the court sentenced appellant to four years in prison.  For the fourth-degree felony, it sentenced him to 18 months in prison.  The court ordered appellant to serve his sentences concurrently for a total of four years in prison.  The court also classified appellant as a Tier II Sex Offender.

{¶6}   Appellant filed a timely notice of appeal on July 16, 2015.  He raises three assignments of error.

{¶7}   Appellant makes a single, brief argument in support of his three

assignments of error. Therefore, we will address them together. Appellant's assignments of error state:

THE SENTENCING JUDGE ERRED WHEN HE FOUND THAT THE INVESTIGATING POLICE OFFICER WAS A VICTIM AND WHEN HE CONSIDERED HIM AS SUCH AS PART OF THE FACTORS TO BE CONSIDERED UNDER THE SENTENCING STATUTES FOR SENTENCING PURPOSES SOLELY BECAUSE HE VIEWED CHILD PORNOGRAPHY WHILE INVESTIGATING THE INTERNET CHILD PORNOGRAPHY CRIMES THE DEFENDANT COMMITTED.

THE SENTENCING JUDGE ERRED WHEN HE FOUND THAT THE DEFENDANT'S WIFE AND CHILDREN WERE VICTIMS AND WHEN HE CONSIDERED THEM AS SUCH AS PART OF THE FACTORS TO BE CONSIDERED UNDER THE SENTENCING STATUTES FOR SENTENCING PURPOSES, SOLELY BECAUSE THE DEFENDANT'S CONDUCT AND PUNISHMENT THEREFORE WILL HAVE AN IMPACT ON THEM.

THE SENTENCING JUDGE ERRED WHEN HE FOUND THAT THE CHILDREN IN THE PORNOGRAPHY PHOTOGRAPHS ACQUIRED FROM THE INTERNET BY THE DEFENDANT HAD ALSO BEEN HARMED AS THE VICTIMS OF RAPE AND WHEN HE CONSIDERED THEM TO BE SUCH AS PART OF THE FACTORS TO BE CONSIDERED UNDER THE SENTENCING STATUTES FOR SENTENCING PURPOSES, WITHOUT ANY PROPER EVIDENCE BEING ADMITTED TO SUPPORT SUCH A FINDING OF RAPE AND BEING HARMED.

**{¶8}** Appellant argues that none of the people the trial court identified as "victims" for sentencing purposes were actually victims. He points out that no one was listed as a victim in the bill of information and the state did not offer any evidence

of victims. He claims that his wife, his children, and the investigating officer were not the object of his internet crimes. Therefore, he argues the court erred in considering them as victims. By doing so, appellant argues, the court was able to find one of the factors making his conduct more serious than that normally constituting the offense. Additionally, appellant asserts the court should not have found that the children portrayed in the pictures "presumptively have suffered perhaps irreparable harm" because there was no evidence to support this finding.

{¶9} The Ohio Supreme Court has recently held that when reviewing a felony sentence, an appellate court must uphold the sentence unless the evidence clearly and convincingly does not support the trial court's findings under the applicable sentencing statutes or the sentence is otherwise contrary to law. *State v. Marcum*, Slip Opinion No. 2016-Ohio-1002, ¶ 1.

{¶10} In sentencing a felony offender, the court must consider the overriding principles and purposes set out in R.C. 2929.11, which are to protect the public from future crime by the offender and others and to punish the offender. The trial court shall also consider the seriousness and recidivism factors as set out in R.C. 2929.12(B)(C)(D)(E). The trial court indicated both at the hearing and again in its judgment entry that it considered both the principles and purposes of sentencing and the seriousness and recidivism factors.

{¶11} Here, the trial court sentenced appellant to four years for the second-degree felony and 18 months for the fourth-degree felony. The possible sentences for a second-degree felony are two, three, four, five, six, seven, or eight years. R.C. 2929.14(A)(2). The possible sentences for a fourth-degree felony are six, seven, eight, nine, ten, eleven, twelve, thirteen, fourteen, fifteen, sixteen, seventeen, or eighteen months. R.C. 2929.14(A)(4). Both of appellant's sentences are within the applicable statutory ranges. And the court ordered appellant to serve the sentences concurrently as opposed to consecutively so it was not required to make any additional findings.

{¶12} Detective Cruise, who was the investigator in this case, made a

statement to the court. In his statement, Detective Cruise referred to himself as a victim here because in conducting his investigation he had to watch the children as they were sexually victimized. (Sen. Tr. 141-142). But as the state points out, the trial court did not find that Detective Cruise was a victim in this case. In its judgment entry, the court notes that Detective Cruise advised it that he perceived himself as a victim. But the court did not state that it found him to be a victim. Therefore, appellant's argument as to Detective Cruise must fail.

{¶13} The court did make the following comments as to appellant's wife and children:

> The State is [sic.] advised that there is no known victim of the defendant's conduct in terms of being able to point to a particular person and say, That's the victim, although I personally feel that [appellant's wife] and her three children are truly the victims of this conduct.

(Sen. Tr. 143-144). And it made a comment about the children depicted in the pornography:

> [T]he Court believes that these children [in the pictures and videos], as has been pointed out by the detective, perhaps have suffered uncorrectable harm, especially exacerbated by their young years.

(Sen. Tr. 144).

{¶14} In support of his position that his family and the children in the pornography are not victims, appellant cites to R.C. 2930.01(H). This section defines a "victim" as either (1) a person who is identified as the victim of a crime in a police report, complaint, indictment, or information or (2) a person who receives injuries as a result of a motor vehicle accident that is proximately caused by certain violations. R.C. 2930.01(H). But this section only defines "victim" in dealing with the rights of victims of crimes. R.C. 2930.01's definition of "victim" is specific only to that chapter

of the revised code. *State v. Ritchie*, 174 Ohio App.3d 582, 2007-Ohio-6577, 883 N.E.2d 1092, ¶ 23 (5th Dist.).

**{¶15}** Pursuant to Black's Law Dictionary, a "victim" is "[a] person harmed by a crime, tort, or other wrong." *State v. Williams*, 6th Dist. No. S-13-007, 2013-Ohio-4838, ¶ 8, quoting Black's Law Dictionary (9th Ed.2009).

**{¶16}** Under this broad definition, the children appellant viewed in the pornography were victims in this case. The children in the pornography ranged in age from ten to twelve. Thus, they could not have consented to partake in internet pornography. Each time the children's images were viewed on the internet, they were victimized.

**{¶17}** And even appellant's family could be considered victims given that they have lost their husband/father for a period of time and appellant's crimes have undoubtedly caused them embarrassment and stress. In that respect, they too have been harmed by appellants' crimes.

**{¶18}** Finally, appellant claims the court improperly made a finding that the children depicted in the images were raped. Once again, however, these were the detective's words, not the court's words. Detective Cruise stated, "you know, these children are being raped, sexually exploited." (Tr. 141). The court's finding, however, was slightly different. The court stated:

> The factors that I Believe favor incarceration are though - - although Mr. Goudy claims that more than 80 photos and 11 videos of preteen children depicted in images of sexual activity that he observed and used for his own sexual gratification were just, I think the term used previously were "some unknown Russian children," the Court believes that these children, as has been pointed out by the detective, perhaps have suffered uncorrectable harm, especially exacerbated by their young years.

(Tr. 144). Thus, the court did not make a finding that the children were raped, only

that they "perhaps suffered uncorrectable harm" at a young age. This again goes to the court's finding that the children were victims in this case.

{¶19} In sum, there is no indication that appellant's sentence is contrary to law or that the record clearly and convincingly does not support the trial court's findings. The trial court sentenced appellant to statutorily authorized sentences for second and fourth-degree felonies and considered all relevant factors under the applicable sentencing statutes. Accordingly, appellant's three assignments of error are without merit.

{¶20} For the reasons stated above, the trial court's judgment is hereby affirmed.

Waite, J., concurs.

Robb, J., concurs.