[Cite as *In re Yoder*, 2016-Ohio-7190.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY

IN THE MATTER OF:                         :

JASON M. YODER                            :            CASE NO.   CA2016-04-082

                                          :
                                                     O P I N I O N
                                          :            10/3/2016

                                          :


APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
Case No. CR2002-07-1045


Michael T. Gmoser, Butler County Prosecuting Attorney, Lina N. Alkamhawi, Government Services Center, 315 High Street, 11th Floor, Hamilton, Ohio 45011, for plaintiff-appellee

Maxwell Kinman, 423 Reading Road, Mason, Ohio 45040, for defendant-appellant


        **M. POWELL, P.J.**

        {¶ 1}   Defendant-appellant, Jason Michael Yoder, appeals a decision of the Butler County Common Pleas Court denying his application to seal the record of his importuning conviction.

        {¶ 2}   In 2002, Yoder used the Internet to solicit sex from an individual he believed to be under the age of 16.  The individual was actually a police officer posing as a minor.  Yoder later pled guilty to one count of importuning, a felony of the fifth degree, and a violation of

R.C. 2907.07(E)(2).[1]

{¶ 3}   In 2016, Yoder filed an application to expunge the conviction, which the trial court denied.  The court found Yoder's conviction ineligible for sealing pursuant to R.C. 2953.36(F), which prohibits expungement of offenses where "the victim of the offense was less than sixteen years of age." [2]

{¶ 4}   On appeal, Yoder raises one assignment of error.

{¶ 5}   Assignment of Error No. 1:

{¶ 6}   THE TRIAL COURT ERRED BY FINDING THAT THE APPELLANT WAS NOT AN ELIGIBLE OFFENDER AS REQUIRED BY R.C. § 2953.32(C)(1)(a) FOR PURPOSES OF SEALING A [CONVICTION].

{¶ 7}   Yoder argues that the trial court erred in denying his expungement application because R.C. 2953.36(F) only precludes expungement of offenses where there was a victim under the age of 16.  Yoder contends that the exception does not apply because the "victim" was a police officer posing as a minor.  Whether an offense is precluded from expungement by statute is a question of law that we review de novo.  *State v. Futrall*, 123 Ohio St.3d 498, 2009-Ohio-5590, ¶ 6-7.

{¶ 8}   Expungement is a postconviction proceeding that allows qualifying convicted individuals the ability to seal the record of their conviction.  It is an "act of grace created by the state" and thus is a privilege, not a right.  *Koehler v. State*, 10th Dist. Franklin No. 07AP-913, 2008-Ohio-3472, ¶ 12, 14.

{¶ 9}   R.C. 2953.36 lists various offenses that are ineligible for expungement.  R.C.

---

1. This crime is currently codified, with minor changes, at R.C. 2907.07(D)(2).  All references in this decision to the (E)(2) subsection refer to the statute as it existed at the time of Yoder's conviction.

2. The General Assembly amended R.C. 2953.36 during the pendency of this appeal and subsection (F) is now replicated under the (A)(6) subsection.

2953.36(F) provides ineligibility for "[c]onvictions of an offense in circumstances in which the victim of the offense was less than sixteen years of age[.]"

{¶ 10} This court finds that the plain language of R.C. 2953.36(F) cannot be reasonably interpreted to include the offense of importuning under R.C. 2907.07(E)(2), which criminalizes using the Internet to solicit sex from a law enforcement officer posing as a minor. The police officer who posed as a minor in this case was not a "victim" who was "less than sixteen years of age."

{¶ 11} The General Assembly, unambiguously, did not include an "intended victim who was less than sixteen years of age" within the ambit of R.C. 2953.36(F) as a nonexpungeable offense. Moreover, the General Assembly was presumably aware of the (E)(2) subsection because it specifically precluded all importuning convictions from expungement in 2953.36(D) – but only for those convictions occurring after October 10, 2007.[3]

{¶ 12} The state cites *State v. Bolden*, 2nd Dist. Montgomery No. 19943, 2004-Ohio-2315; and *State v. Lobo*, 12th Dist. Butler No. CA2004-03-063, 2004-Ohio-5821, in support of its argument that this court and the Second District have previously found unimportant the distinction between a minor victim and a police officer posing as minor victim with respect to the sexual offender laws, i.e., R.C. Chapter 2950. *Bolden* and *Lobo* are inapposite. Both cases dealt with plain language in the sexual offender laws that classified importuning, regardless of subsection and victim, as a sexually oriented offense. However, the plain language of R.C. 2953.36(F) requires the "victim" of the offense to be under 16 years of age.

{¶ 13} The state also argues that this court should interpret R.C. 2953.36(F) consistently with the policy justification set forth in *Bolden*, i.e., to protect the public. However, the sexual offender and expungement laws do not serve the same purpose. Ohio's

---

3. Currently R.C. 2953.36(A)(4).

expungement laws are remedial and intended for the benefit of a limited number of convicted individuals who wish to seal their records. The expungement laws are to be construed liberally to serve that remedial purpose. R.C. 1.11; *State ex rel. Gains v. Rossi*, 86 Ohio St.3d 620, 622 (1999); *Barker v. State*, 62 Ohio St.2d 35, 41-42 (1980); *State v. Heaton*, 108 Ohio App.3d 38, 40 (12th Dist. 1995); *see also State v. Aguirre*, 144 Ohio St.3d 179, 2014-Ohio-4603, ¶ 18. Furthermore, it is the General Assembly that establishes public policy for the state. A court of appeals, as an agency of the judicial branch of government, exceeds its authority by adding to an unambiguous statute based on its conception of what may be good public policy.

**{¶ 14}** Consequently, we reverse the decision of the trial court and remand. Because we find Yoder's offense expungeable under R.C. 2953.32(C), on remand the trial court shall comply with R.C. 2953.32(C)(1) and determine if Yoder is an eligible offender, whether other criminal proceedings are pending against him, and, if Yoder is an eligible offender and no criminal proceedings are pending against him, exercise its discretion in the weighing of the public and private interest involved in determining whether the conviction should be sealed.

**{¶ 15}** Judgment reversed and remanded.

S. POWELL and HENDRICKSON, JJ., concur.