[Cite as *State v. Zollnger*, 2016-Ohio-8369.]

COURT OF APPEALS
FAIRFIELD COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | |
|---|---|
| STATE OF OHIO | JUDGES: |
| | Hon. W. Scott Gwin, P. J. |
| Plaintiff-Appellee | Hon. John W. Wise, J. |
| | Hon. Craig R. Baldwin, J. |
| -vs- | |
| | Case No. 2016 CA 0002 |
| SCOTT A. ZOLLINGER | |
| | |
| Defendant-Appellant | O P I N I O N |


CHARACTER OF PROCEEDING:     Criminal Appeal from the Court of Common
                             Pleas, Case No.  2010 CR 0263


JUDGMENT:                    Reversed and Remanded


DATE OF JUDGMENT ENTRY:      December 22, 2016


APPEARANCES:

For Plaintiff-Appellee          For Defendant-Appellant

GREGG MARX                      DAVID A. SAMS
PROSECUTING ATTORNEY            Post Office Box 40
239 West Main Street, Suite 101 West Jefferson, Ohio  43612
Lancaster, Ohio  43130

*Wise, J.*

{¶1} Appellant Scott Zollinger appeals from the decision of the Court of Common Pleas, Fairfield County, which denied his motion to seal a previously-dismissed indictment. Appellee is the State of Ohio. The relevant facts leading to this appeal are as follows.

{¶2} On June 25, 2010, appellant was indicted by the Fairfield County Grand Jury (case number 10 CR 0263) on several counts of sexual battery, all felonies of the third degree. Subsequently, on January 6, 2011, appellant was charged by way of a bill of information in Fairfield County Common Pleas Court with two counts of attempted tampering with evidence (case number 11 CR 0002), both felonies of the fourth degree.

{¶3} Pursuant to a plea agreement under case number 10 CR 0263, appellant indicated he would plead guilty to the attempted tampering counts in the bill of information in 11 CR 0002 in exchange for the State dismissing the sexual battery indictment in 10 CR 0263.

{¶4} On January 21, 2011, appellant pled guilty as charged in 11 CR 0002, the attempted tampering case, and he was thereafter sentenced to community control, with ninety days in jail and additional conditions. In 10 CR 0263, there were no pleas or convictions in regard to the sexual battery indictment, and those charges were dismissed with prejudice.

{¶5} On October 12, 2015, appellant filed a "motion to seal record after dismissal" under 10 CR 0263, asking the trial court to seal the aforementioned dismissed

sexual battery indictment pursuant to R.C. 2953.52. On the same day, appellant filed a motion under 11 CR 0002 to seal his attempted tampering conviction.[1]

**{¶6}** On December 23, 2015, the trial court conducted a hearing, noting that it was not in possession of the post-dismissal motion to seal indictment in 10 CR 0263, and that it would therefore only consider the motion to seal conviction under 11 CR 0002. *See* Hearing Tr. at 9-11, 54.

**{¶7}** Following said oral hearing, via a judgment entry issued January 4, 2016, the trial court granted the motion to seal conviction under 11 CR 0002. However, in a separate judgment entry filed on the same day, the court overruled the motion to seal the indictment in 10 CR 0263, indicating the judge had obtained and reviewed said motion subsequent to the hearing date of December 23, 2015. The court therein ruled in pertinent part as follows:

Unlike statutes governing a motion to seal the record of a conviction, there is no statutory procedure for sealing a record after the dismissal of a case. However, courts have inherent authority to grant that request in appropriate circumstances. *** The dismissal of this case resulted from a plea agreement in which (a) the defendant admitted guilt for sexual battery offenses in this case, and (b) the state agreed to accept guilty pleas in Case No. 2011 CR 0002 in lieu of its further prosecution of this case. To the extent that the court has any legislative guidance for a motion to seal a dismissal

---

[1] Because the trial court record from 11 CR 0002 is not before us, we rely upon the assertions in the briefs as to some of the procedural history of that case.

record, R.C. 2953.36(B) precludes a motion to seal the record for a sexual battery conviction.

**{¶8}** Judgment Entry, January 4, 2016, at 2.

**{¶9}** On February 2, 2016, appellant filed a notice of appeal. He herein raises the following sole Assignment of Error:

**{¶10}** "I. THE TRIAL COURT ERRED WHEN OVERRULING A MOTION TO SEAL THE DEFENDANT-APPELLANT'S DISMISSED INDICTMENT CONTRARY TO R.C. 2953.36 AND 2953.52."

I.

**{¶11}** In his sole Assignment of Error, appellant contends the trial court erred in overruling his motion to seal the dismissed sexual battery indictment from 2010. We agree.

**{¶12}** R.C. 2953.52 governs applications to seal records where either the underlying charges have been dismissed or the individual was found not guilty. *See State ex rel. Cincinnati Enquirer v. Lyons,* 140 Ohio St.3d 7, 2014-Ohio-2354, 14 N.E.3d 989, ¶ 24. It first provides in pertinent part that "[a]ny person, who is found not guilty of an offense by a jury or a court or who is the defendant named in a dismissed complaint, indictment, or information, may apply to the court for an order to seal the person's official records in the case. ***." R.C. 2953.52(A)(1). Furthermore, "[u]pon the filing of an application pursuant to division (A) of this section, the court shall set a date for a hearing and shall notify the prosecutor in the case of the hearing on the application. ***." R.C. 2953.52(B)(1). The statute then directs the trial court to, among other things, "[w]eigh the interests of the person in having the official records pertaining to the case sealed against

the legitimate needs, if any, of the government to maintain those records." *See* R.C. 2953.52(B)(2)(d).

**{¶13}** Appellant contends his motion in the case *sub judice* was improperly overruled in the absence of the trial court statutorily weighing the interests of appellant in favor of sealing the indictment and of the State against sealing it. *Cf. In re M.C.H.*, 994 N.E.2d 54, 2013-Ohio-2656, ¶ 26 (5th Dist.) (reversing in a juvenile's appeal of the denial of his request for sealing of his dismissed delinquency offenses, holding the trial court was required to conduct a hearing and make proper findings to demonstrate compliance with the pertinent juvenile statute, R.C. 2151.356(C)(2)(e)). Even though sealing a dismissed indictment and sealing a conviction are statutorily distinct processes, the State urges in response that the trial court's ruling at issue did not create prejudicial error, because the court was familiar with the testimony and arguments presented in the December 23, 2015 hearing concerning the motion to seal conviction under 11 CR 0002. However, in this instance the trial court also concluded that because 10 CR 0263 involved sex offenses, expungement of the indictment was not permitted pursuant to another statute, namely R.C. 2953.36. We find this interpretation of the law was erroneous, as R.C. 2953.36 clearly sets forth the types of *convictions* that preclude sealing. *See State v. Ritchie*, 174 Ohio App.3d 582, 2007-Ohio-6577, ¶ 15 (5th Dist.).[2]

**{¶14}** Ohio's expungement laws are to be construed liberally to serve their remedial purpose. *In re Yoder*, 12th Dist. Butler No. CA2016–04–082, 2016-Ohio-7190, ¶ 13. Under the circumstances of this case, given the trial court's combined failure to hold a specific hearing under R.C. 2953.52(B), *supra*, and the court's improper application of

---

[2] R.C. 2953.36(A)(8) additionally addresses bail forfeitures in traffic cases.

R.C. 2953.36 to block appellant's request to seal the dismissed indictment, we find reversal and remand for a hearing is warranted.

{¶15} Appellant's sole Assignment of Error is therefore sustained.

{¶16} For the reasons stated in the foregoing opinion, the judgment of the Court of Common Pleas, Fairfield County, Ohio, is hereby reversed and remanded for further proceedings.

By: Wise, J.

Gwin, P. J., and

Baldwin, J., concur.

JWW/d 1206