[Cite as *State v. Allen*, 2018-Ohio-1529.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

State of Ohio,                                    :

      Plaintiff-Appellee,               :

                                                     No. 17AP-296
v.                                               :          (C.P.C. No. 16CR-4178)

Zachary C. Allen,                                :          (REGULAR CALENDAR)

      Defendant-Appellant.              :

---

D E C I S I O N

Rendered on April 19, 2017

---

**On brief:** *Ron O'Brien*, Prosecuting Attorney, and *Barbara A. Farnbacher*, for appellee. **Argued:** *Barbara A. Farnbacher*.

**On brief:** *Yeura R. Venters*, Public Defender, and *Robert D. Essex*, for appellant. **Argued:** *Robert D. Essex*.

---

APPEAL from the Franklin County Court of Common Pleas

KLATT, J.

{¶ 1}  Defendant-appellant, Zachary C. Allen, appeals from the March 28, 2017 decision of the Franklin County Court of Common Pleas ordering him to pay restitution to three different banks.  Because the banks were not the victims of the underlying offenses, we reverse.

{¶ 2}  Allen was indicted on seven counts of forgery, in violation of R.C. 2913.31, all felonies of the fifth degree, and seven counts of possession of criminal tools, in violation of R.C. 2923.24, all felonies of the fifth degree.  On January 5, 2017, he withdrew his not guilty plea and entered a guilty plea to the seven counts of forgery.

{¶ 3}    At the plea hearing, the state represented that 0n July 5, 2016, Allen entered three different Chase Banks and cashed four checks.  All of the checks were made payable to Allen for the amount of $598.23 on an account identified as belonging to Park Club Apartments.  On July 19, 2016, Allen went to the Middlefield Banking Company in Westerville, Ohio, and in Dublin, Ohio.  At these banks, he cashed two checks made payable to himself on an account identified as belonging to Tuttle's Grove Apartments.  Also, on July 25, 2016, Allen cashed a check written on an account identified as belonging to Progressive Flooring Services at First Merchants Bank.  Allen admitted in an interview that he had been given the checks by someone else, that he went to the banks at that person's request, and that he knew the checks were counterfeit.

{¶ 4}    In accordance with the plea agreement, the trial court entered a nolle prosequi on the seven counts of possession of criminal tools.  The parties also agreed to jointly recommend to the trial court that Allen be placed on community control.  The plea agreement further contained a provision that stated: "I understand that the Court may also require me to pay costs, restitution, day fines, and/or costs of all sanctions imposed upon me.  I understand that the imposition of financial sanctions would constitute a civil judgment against me. (R.C. 2929.18)."

{¶ 5}    On March 13, 2017, Allen appeared before the trial court for sentencing.  The state requested that Allen be ordered to pay restitution to Middlefield Banking Company, First Merchants Bank, and Chase Bank.  Allen objected because the banks were not the account holders on the checks but third parties.  When the issue of whether the banks would be reimbursed by insurance arose, the court continued the hearing.

{¶ 6}    At the March 27, 2017 sentencing hearing, Allen continued to object to being ordered to pay restitution.  He did not dispute the amount of the forged checks but argued there was no evidence that the accounts for Progressive Flooring, Park Club Apartments, and Tuttle's Grove Apartments had been reimbursed by the banks.  If the banks had reimbursed the accounts, then Allen contended the reimbursement made the banks third parties and not eligible to receive restitution pursuant to R.C. 2929.18.

{¶ 7}    The state responded by noting that the indictment does not list a specific victim for the forgery counts.  It represented that the banks did not have insurance coverage

for the losses they suffered.   Because the checks were presented to the banks and the banks paid out the money, the state contended that the banks were the victims.

{¶ 8}   The trial court sentenced Allen to a period of community control for three years.  The trial court did not impose a fine and waived court costs.  However, the trial court ordered Allen to pay restitution to Middlefield Banking Company in the amount of $1,750.48; to First Merchants Bank in the amount of $675.13; and to Chase Bank in the amount of $2,392.92.  The trial court found that because these were forgery offenses, the banks were the victims as they had the utterances directed at them.

{¶ 9}   Allen appealed that decision, asserting the following assignment of error:

> The trial court committed reversible error by ordering Defendant-Appellant to pay restitution to banks at which he had cashed checks he had forged.

{¶ 10}  Allen argues that the trial court erred when it ordered him to pay restitution to the three banks.  He contends that the banks were not the victims.  As a result, the imposition of restitution to the banks violated R.C. 2929.18(A)(1).

{¶ 11}  A sentencing court has discretion to order restitution for the economic loss suffered by the victim as a direct and proximate result of the commission of the offense. *State v. Lalain*, 136 Ohio St.3d 248, 2013-Ohio-3093, ¶ 3.   On review of a trial court's imposition of restitution as part of a felony sentence, we apply the standard set forth in R.C. 2953.08(G)(2)(b), inquiring whether the imposition of restitution is clearly and convincingly contrary to law.  *State v. Richmond*, 10th Dist. No. 17AP-366, 2018-Ohio-147, ¶ 8; *State v. Thornton*, 1st Dist. No. C-160501, 2017-Ohio-4037, ¶ 12; *State v. Brown*, 2d Dist. No. 26945, 2017-Ohio-9225, ¶ 25.   However, when the issue is to whom restitution can be awarded, we apply a de novo standard of review.  *State v. Johnson*, 10th Dist. No. 14AP-336, 2014-Ohio-4826, ¶ 5; *State v. Cartwright*, 12th Dist. No. CA2016-11-018, 2017-Ohio-7212, ¶ 11; *State v. Shifflet*, 4th Dist. No. 13CA23, 2015-Ohio-4250; *State v. Harris*, 6th Dist. No. WD-14-069, 2015-Ohio-4412, ¶ 8; *State v. Maurer*, 8th Dist. No. 103162, 2016-Ohio-1380; and *In re M.A.*, 11th Dist. No. 2015-L-075, 2016-Ohio-1161.

{¶ 12}   R.C. 2929.18 provides in pertinent part:

> (A) Except as otherwise provided in this division and in addition to imposing court costs pursuant to section 2947.23 of the Revised Code, the court imposing a sentence upon an offender for a felony may sentence the offender to any financial

sanction or combination of financial sanctions authorized under this section or, in the circumstances specified in section 2929.32 of the Revised Code, may impose upon the offender a fine in accordance with that section. Financial sanctions that may be imposed pursuant to this section include, but are not limited to, the following:

(1) Restitution by the offender to the victim of the offender's crime or any survivor of the victim, in an amount based on the victim's economic loss. If the court imposes restitution, the court shall order that the restitution be made to the victim in open court, to the adult probation department that serves the county on behalf of the victim, to the clerk of courts, or to another agency designated by the court. If the court imposes restitution, at sentencing, the court shall determine the amount of restitution to be made by the offender. If the court imposes restitution, the court may base the amount of restitution it orders on an amount recommended by the victim, the offender, a presentence investigation report, estimates or receipts indicating the cost of repairing or replacing property, and other information, provided that the amount the court orders as restitution shall not exceed the amount of the economic loss suffered by the victim as a direct and proximate result of the commission of the offense.

{¶ 13} The statute sets forth four possible payees to whom a trial court may order restitution to be paid: the victim, the adult probation department that serves the county on behalf of the victim, the clerk of courts, or another agency designated by the court. The restitution order must be based on the victim's economic loss. "Economic loss" is "any economic detriment suffered by a victim as a direct and proximate result of the commission of an offense." R.C. 2929.01(L). As the banks are not an adult probation department, clerk of court, or another agency designated by the court such as the reparations fund, the banks must be "victims" in order to be entitled to an order of restitution.

{¶ 14} R.C. 2929.18 does not define "victim." "The Ohio Revised Code contains a number of different definitions for 'victim' at various junctures in the Code, but at no point is there promulgated a generally applicable definition that applies to the entire Revised Code or even to the state's criminal code, found in Title 29." *State v. Orms*, 10th Dist. No. 14AP-750, 2015-Ohio-2870, ¶ 15. Some Ohio appellate districts have relied on R.C. 2930.01(H)(1) to determine who qualifies as a victim for purposes of restitution. *See, e.g., Thornton* at ¶ 15; *State v. Hunter*, 2d Dist. No. 25521, 2013-Ohio-3759; *Harris* at ¶ 8; and

*Maurer* at ¶ 19. That section defines "victim" as "[a] person who is identified as the victim of a crime or specified delinquent act in a police report or in a complaint, indictment, or information that charges the commission of a crime and that provides the basis for the criminal prosecution." R.C. 2930.01(H)(1). Other appellate districts have declined to use this definition outside of the Victim's Rights, R.C. Chapter 2930, as R.C. 2930.01 specifies that the definitions apply to that chapter only. *Cartwright* at ¶ 13 (R.C. 2930.01(H)(1) 's definition is limited in scope and has no application in determining who is a victim for purposes of restitution under R.C. 2929.18(A)(1)); *State v. Ritchie*, 174 Ohio App.3d 582, 2007-Ohio-6577 (5th Dist.) (declined to use R.C. 2930.01(H)(1) to define "victim" for purposes of R.C. 2953.36); *State v. Goudy*, 7th Dist. No. 15 BE 0046, 2016-Ohio-5193. In this case, the indictment does not identify a victim for any of the forgery counts.

{¶ 15} Black's Law Dictionary defines "victim" broadly as "[a] person harmed by a crime, tort, or other wrong." Black's Law Dictionary (10th Ed.2014). The state argues that because the banks cashed the checks Allen presented for payment, they suffered the economic losses as a result of the forgeries. The state relies on *State v. Estes*, 3d Dist. No. 13-11-14, 2011-Ohio-5740, as support for its contention that a bank that cashes a forged check is the victim of the offense. In *Estes*, the defendant used his ex-wife's information to apply for two credit cards in her name. He then used the credit cards to make various purchases. The defendant also used courtesy checks on his ex-wife's existing line of credit to cause monies to be deposited into his bank account. The Third District Court of Appeals determined that the banks were the victims who directly suffered economic loss because the purchases and deposits were funded by the banks. There is no indication that the defendant's ex-wife was required to pay the credit cards or that any money was taken from her accounts.

{¶ 16} In this case, however, the representation made to the trial court was that the accounts of Tuttle's Grove Apartments, Park Club Apartments, and Progressive Flooring were reimbursed by the banks. Thus, it was the account holders, not the banks, who suffered the direct economic harm from Allen's actions. The majority of appellate courts that have addressed similar scenarios have determined that a bank that reimburses its customer is a third-party and cannot be awarded restitution from a defendant. *Harris* at ¶ 8; *State v. Crum*, 5th Dist. No. 12 CAA 08 0056, 2013-Ohio-903, ¶ 12; *State v. Stump*, 4th

Dist. No. 13CA10, 2014-Ohio-1487, ¶ 12; *State v. Kiser*, 2d Dist. No. 24419, 2011-Ohio-5551, ¶ 16.[1]

{¶ 17} We agree with these appellate districts. Although the banks cashed the forged checks, the economic loss was initially suffered by Tuttle's Grove Apartments, Park Club Apartments, and Progressive Flooring. The banks are third-parties that reimbursed the accounts that the money was taken from. As such, the banks are not the victims of Allen's offenses and therefore are not entitled to an order of restitution. The sole assignment of error is sustained.

{¶ 18} For the foregoing reasons, we reverse the judgment of the Franklin County Court of Common Pleas and vacate the order to pay restitution to Middlefield Banking Company, First Merchants Bank, and Chase Bank.

*Judgment reversed; restitution order vacated.*

SADLER and BRUNNER, JJ., concur.

_____

[1] Although not relevant in this case, we note that a defendant can agree to pay third-party restitution as part of a plea agreement. *Harris* at ¶ 8; *State v. Johnson*, 2d Dist. No. 24288, 2012-Ohio-1230, ¶ 14; *Maurer* at ¶ 25.