[Cite as *State v. McConnell*, 2019-Ohio-3736.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

|  |  |  |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-180551 |
|  |  | TRIAL NO. B-1301687 |
| Plaintiff-Appellant, | : |  |
|  |  | *O P I N I O N.* |
| vs. | : |  |
|  |  |  |
| BRIAN MCCONNELL, | : |  |
|  |  |  |
| Defendant-Appellee. | : |  |

Criminal Appeal From: Hamilton County Court of Common Pleas

Judgment Appealed From Is: Affirmed

Date of Judgment Entry on Appeal: September 18, 2019

*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Scott M. Heenan*, Assistant Prosecuting Attorney, for Plaintiff-Appellant,

*Hal Arenstein,* for Defendant-Appellee.

**CROUSE, Judge.**

{¶1}   The state of Ohio appeals from the trial court's judgment granting defendant-appellee Brian McConnell's application to seal his record of conviction. For the reasons set forth below, we affirm the trial court's judgment.

{¶2}   In 2013, McConnell pled no contest to the illegal conveyance of a deadly weapon or dangerous ordnance in a school safety zone in violation of R.C. 2923.122(B).   In 2018, McConnell applied to seal the record of his conviction pursuant to R.C. 2953.31 through 2953.36.   The trial court granted McConnell's application for expungement and the state timely filed this appeal.

{¶3}   In its sole assignment of error, the state argues that the trial court was not authorized to grant the application for expungement because McConnell was not an eligible offender.   Whether an offender is eligible to have a record of conviction sealed is an issue of law we review de novo.  *State v. J.M.*, 148 Ohio St.3d 113, 2016-Ohio-2803, 69 N.E.3d 642, ¶ 9.

{¶4}   R.C. 2953.32 permits "an eligible offender" to apply to the sentencing court for the sealing of a conviction record.   Under R.C. 2953.36(A)(6), "[c]onvictions of an offense in circumstances in which the victim of the offense was less than sixteen years of age when the offense is a misdemeanor of the first degree or a felony" are ineligible for sealing.   Here, the state contends that the school children are the victims of the illegal conveyance of a deadly weapon or dangerous ordnance in a school safety zone under R.C. 2923.122(B).   In support of its argument, the state relies on *State v. Ritchie*, 174 Ohio App.3d 582, 2007-Ohio-6577, 883 N.E.2d 1092 (5th Dist.).

{¶5}   In *Ritchie*, a school bus driver was convicted of one count of illegal conveyance or possession of a deadly weapon on school premises. *Id.* at ¶ 3.  At the time

of the offense, the defendant was driving a bus full of school children. *Id.* at ¶ 4. Nine years after the defendant was discharged from probation, he applied to seal his record of conviction. *Id.* at ¶ 4. The trial court found the defendant ineligible for the sealing of his record pursuant to R.C. 2953.36. *Id.* The Fifth District Court of Appeals affirmed, holding that the children on the bus were victims within the meaning of R.C. 2953.36 because they were under the control of the defendant and were jeopardized by his conduct. *Id.* at ¶ 23.

{¶6} We find *Ritchie* inapplicable under the facts of this case. R.C. 2923.122(B) creates an inherently victimless offense—the statute penalizes the mere possession of a deadly weapon or dangerous ordnance, regardless of the presence of another person. *See United States v. Powell*, 6 F.3d 611, 613 (9th Cir.1993) ("being a felon in possession of a firearm is a 'victimless crime' "); *see also United States v. Decoteau*, 932 F.2d 1205, 1207 (7th Cir.1991) (felon in possession of a firearm is a victimless crime). Specifically, R.C. 2923.122(B) provides: "No person shall knowingly possess a deadly weapon or dangerous ordnance in a school safety zone." Although the legislature undoubtedly enacted R.C. 2923.122(B) to protect school children against the dangers of weapons, additional circumstances are required to qualify school children as "victims" under R.C. 2923.122(B).

{¶7} Here, McConnell pled no contest to knowingly possessing a firearm in a school zone. Unlike *Ritchie*, however, there is no evidence in the record that McConnell committed the offense during school hours or that children were in the school during the commission of the offense. There is also no evidence that children were "jeopardized by [McConnell's] conduct." *See Ritchie* at ¶ 23. In fact, the trial court found that "children were not exposed to any specific risk from the firearm." Instead, McConnell's possession of the firearm posed only a general, hypothetical

harm to the school children.  Under these circumstances, we conclude that the trial court did not err in finding McConnell eligible for the sealing of his record.

{¶8}    The state's sole assignment of error is overruled and the judgment of the trial court is affirmed.

Judgment affirmed.

**MOCK, P.J.,** and **ZAYAS, J.,** concur.

Please note:

The court has recorded its own entry on the date of the release of this opinion.