[Cite as *State v. Lee*, 2019-Ohio-4725.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

WARREN COUNTY

STATE OF OHIO,                                    :

    Appellant,                               :          CASE NO. CA2018-11-134

    - vs -                                      :          O P I N I O N
                                                  11/18/2019

                                            :

CRISHANDRA JACENE LEE AKA               :
CHRISHANDRA JACENE LEE,

                                            :

    Appellee.


CRIMINAL APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
Case No. 18CR34317


David P. Fornshell, Warren County Prosecuting Attorney, Kirsten A. Brandt, 520 Justice Drive, Lebanon, Ohio 45036, for appellant

Thomas R. Koustmer, 125 East Court Street, Suite 1000, Cincinnati, Ohio 45202, for appellee


**RINGLAND, P.J.**

{¶ 1} Appellant, the state of Ohio, appeals the decision of the Warren County Court of Common Pleas denying restitution to Lebanon Citizens National Bank ("LCNB") and Fifth Third Bank ("Fifth Third"). For the reasons detailed below, we reverse the decision of the trial court and remand this matter for further proceedings.

{¶ 2} Crishandra Lee was indicted on two counts of forgery and two counts of theft, in violation of R.C. 2913.31(A)(3) and R.C. 2913.02(A)(3), all felonies of the fifth degree. On August 10, 2018, Lee withdrew her not guilty plea and pled guilty to two counts of forgery.

{¶ 3}   The charges stemmed from Lee's actions in presenting forged checks to LCNB and Fifth Third.  On March 8, 2018, Lee presented a stolen check to LCNB in the amount of $1,345.  LCNB accepted the check and paid Lee in cash.  Subsequently, the accountholder informed the bank that the check had been altered and was not properly payable.  As a result, LCNB reimbursed the accountholder $1,345.

{¶ 4}   That same day, Lee presented another stolen check to Fifth Third for $1,159.  Fifth Third also accepted the check and paid Lee in cash.  When the accountholder informed Fifth Third of the theft, the bank reimbursed the accountholder $1,159.

{¶ 5}   At the sentencing hearing, the state asked the trial court to award $1,345 to LCNB and $1,159 to Fifth Third as restitution.  The state argued that LCNB and Fifth Third were the victims in this case because they were required to reimburse the accountholders for Lee's forgeries.  Citing Marsy's Law, Article I, Section 10a of the Ohio Constitution, the state argued that LCNB and Fifth Third were directly and proximately harmed by the commission of the offenses.  Following a restitution hearing, the trial court issued a written opinion, finding that LCNB and Fifth Third did not fall within the definition of the term "victim" and were, instead, third parties that could not be awarded restitution.  The state now appeals, raising a single assignment of error for review:

{¶ 6}   THE TRIAL COURT COMMITTED ERROR WHEN IT DENIED RESTITUTION.

{¶ 7}   The state argues the trial court erred by finding that LCNB and Fifth Third did not satisfy the definition of the term "victim" for purposes of ordering restitution.

{¶ 8}   As part of a defendant's felony sentence, R.C. 2929.18(A)(1) allows a trial court to order restitution "by the offender to the victim of the offender's crime * * * in an amount based on the victim's economic loss." If the court imposes restitution, the statute further provides that restitution may be made "to the victim in open court, to the adult probation department that serves the county on behalf of the victim, to the clerk of courts, or to another

- 2 -

agency designated by the court."

{¶ 9} The issue of who constitutes a "victim" under R.C. 2929.18(A)(1) or to whom restitution may appropriately be awarded under the statute is a question of law that is reviewed de novo. *State v. Cartwright*, 12th Dist. Fayette No. CA2016-11-018, 2017-Ohio-7212, ¶ 11.

{¶ 10} There has been confusion amongst the appellate districts because R.C. 2929.18 does not define the term "victim." Some Ohio appellate districts have relied on R.C. 2930.01(H)(1), which defines a "victim" as "[a] person who is identified as the victim of a crime * * * in a police report or in a complaint, indictment, or information that charges the commission of a crime and that provides the basis for the criminal prosecution * * * and subsequent proceedings to which this chapter makes reference."[1] Other appellate districts have declined to use R.C. 2930.01(H)(1)'s definition of a "victim" outside of R.C. Chapter 2930, finding that the definition set forth in R.C. 2930.01(H)(1) is "specific only to" R.C. Chapter 2930.[2] This court has followed the latter position, holding that R.C. 2930.01(H)(1)'s definition of "victim" does not apply for purposes of restitution under R.C. 2929.18(A)(1). *Cartwright* at ¶ 13.

{¶ 11} In *State v. Allen*, 10th Dist. Franklin No. CA17AP-296, 2018-Ohio-1529, the Tenth District held that a bank that reimburses its customer is a third party and cannot be awarded restitution from a defendant. *Id.* at ¶ 17. Under that reading, the accountholders, not the banks, are the only victims who suffered the direct economic harm from the defendant's actions even though the banks ultimately suffered the resulting economic loss. *Id.* at ¶ 16. The Ohio Supreme Court accepted the state's discretionary appeal in *Allen* and

---

1. *State v. Thornton*, 1st Dist. Hamilton No. C-160501, 2017-Ohio-4037; *State v. Hunter*, 2d Dist. Montgomery No. 25521, 2013-Ohio-3759.

2. *State v. Ritchie*, 174 Ohio App.3d 582, 2007-Ohio-6577 (5th Dist.); *State v. Goudy*, 7th Dist. Belmont No. 15 BE 0046, 2016-Ohio-5193.

the matter is pending before the Court. *State v. Allen*, 153 Ohio St.3d 1452, 2018-Ohio-3026.

{¶ 12} There has been further development on this issue since the Tenth District's decision in *Allen*. On February 5, 2018, the amendment to Article I, Section 10a of the Ohio Constitution became effective. Known as Marsy's Law, the amendment expands the rights afforded to victims of crimes. Specifically, Marsy's Law affords the right to "full and timely restitution from the person who committed the criminal offense or delinquent act." *Id.* at (A)(7). Importantly, Marsy's Law defines the term "victim" as "a person against whom the criminal offense or delinquent act is committed or who is directly and proximately harmed by the commission of the offense or act." *Id.* at (D).[3]

{¶ 13} Following review of the applicable cases and, most importantly, the amendment of the definition of "victim" contained in Marsy's Law, we agree with the state that LCNB and Fifth Third were victims entitled to an award of restitution. In this case, Lee went to the banks to cash fraudulent checks, deceiving the banks into releasing the funds. Since the funds were not properly payable, the banks were required to reimburse the accountholders. The accountholders were victims of Lee's crimes, but so were the banks, which suffered the direct economic loss caused as a proximate result of Lee's criminal conduct. Based on the more inclusive definition of "victim," we find both LCNB and Fifth Third are victims entitled to restitution under R.C. 2929.18. As a result, we find the trial court erred in denying restitution. The state's sole assignment of error is sustained.

{¶ 14} Judgment reversed and remanded.

S. POWELL and PIPER, JJ., concur.

---

3. Pursuant to R.C. 2901.01(B)(1) a "person" may be an individual, corporation, business trust, estate, trust, partnership, or association.

- 4 -