[Cite as *State ex rel. Madison Cty. Commrs. v. Madison Cty. Engineer*, 2016-Ohio-7191.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

MADISON COUNTY

| | | |
|---|---|---|
| STATE OF OHIO EX REL. MADISON COUNTY ENGINEER, | : | CASE NO. CA2016-01-003 |
| | : | |
| Relator-Appellee, | : | O P I N I O N<br>10/3/2016 |
| - vs - | : | |
| | : | |
| MADISON COUNTY BOARD OF COMMISSIONERS, | : | |
| Respondent-Appellant. | : | |

CIVIL APPEAL FROM MADISON COUNTY COURT OF COMMON PLEAS
Case No. CVH2014-0256

Lape Mansfield Nakasian & Gibson, LLC, Douglas Mansfield, 9980 Brewster Lane, Suite 150, Powell, Ohio 43065, for respondent-appellant

Kohrman Jackson & Krantz, Luther L. Liggett, Jr., 10 West Broad Street, #1900, Columbus, Ohio 43215, for relator-appellee

**PIPER, P.J.**

{¶ 1}   Respondent-appellant, the Madison County Board of Commissioners, appeals a decision of the Madison County Court of Common Pleas granting summary judgment in favor of relator-appellee, the Madison County Engineer.

{¶ 2}   Relator and the Commissioners disagreed over relator's official duties and compensation as county engineer, and relator decided to pursue legal action against the Commissioners.  Relator informed the Madison County Prosecutor, who serves as legal

advisor to both relator and the Commissioners, that he sought outside counsel because the prosecutor would have a conflict of interest by representing both relator and the Commissioners. The prosecutor first informed relator that relator had authority to hire outside counsel, but that relator might be responsible for any costs incurred by hiring outside counsel. Despite the express warning that relator may be responsible for the costs, relator hired outside counsel.

{¶ 3} The prosecutor sought guidance from the State Auditor's Office regarding procurement of outside counsel to represent relator, and how such fees were to be paid. The State Auditor responded that the matter was "entirely within" the prosecutor's discretion. At that point, the prosecutor informed relator that relator's retained counsel could continue representation, but that relator would be responsible for paying the legal fees associated with representation. The prosecutor also informed relator that he was willing and able to provide relator legal services through either the Pickaway or Greene County Prosecutor.

{¶ 4} In November 2014, relator filed a petition seeking a writ of mandamus to compel the Commissioners to appropriate funds to pay for independent counsel to represent him in his official capacity in the suit against the Commissioners regarding his official duties and compensation. Relator moved for summary judgment on his writ of mandamus petition, and the Commissioners filed a memorandum in opposition and also a motion for judgment on the pleadings. The trial court granted realtor's motion for summary judgment, and simultaneously denied the Commissioners' motion for judgment on the pleadings.

{¶ 5} During the pendency of these proceedings, relator passed away. An interim county engineer was appointed, and the original relator's attorney continued to pursue the legal action given the trial court's grant of summary judgment in favor of the original relator.[1]

---

1. Any reference to the relator in this decision is specific to the original relator rather than the new engineer who was substituted upon the relator's death.

As such, the Commissioners now appeal the trial court's decision, raising the following assignments of error.

{¶ 6} Assignment of Error No. 1:

{¶ 7} THE TRIAL COURT ERRED BY GRANTING SUMMARY JUDGMENT IN FAVOR OF RELATOR.

{¶ 8} The Commissioners argue in their first assignment of error that the trial court erred by granting summary judgment in favor of relator.

{¶ 9} This court's review of a trial court's ruling on a summary judgment motion is de novo. *Lindsay P. v. Towne Properties Asset Mgt. Co.*, 12th Dist. Butler No. CA2012-11-215, 2013-Ohio-4124, ¶ 16. Civ.R.56 sets forth the summary judgment standard and requires that there be no genuine issues of material fact to be litigated, the moving party is entitled to judgment as a matter of law, and reasonable minds can come to only one conclusion which is adverse to the nonmoving party. *Slowey v. Midland Acres, Inc.*, 12th Dist. Fayette No. CA2007-08-030, 2008-Ohio-3077, ¶ 8. The moving party has the burden of demonstrating that there is no genuine issue of material fact. *Harless v. Willis Day Warehousing Co.*, 54 Ohio St.2d 64 (1978).

{¶ 10} The nonmoving party "may not rest on the mere allegations of his pleading, but his response, by affidavit or as otherwise provided in Civ.R. 56, must set forth specific facts showing the existence of a genuine triable issue." *Mootispaw v. Eckstein*, 76 Ohio St.3d 383, 385 (1996). A dispute of fact can be considered "material" if it affects the outcome of the litigation. *Myers v. Jamar Enterprises*, 12th Dist. Clermont No. CA2001-06-056, 2001 WL 1567352, *2 (Dec. 10, 2001). A dispute of fact can be considered "genuine" if it is supported by substantial evidence that exceeds the allegations in the complaint. *Id.*

{¶ 11} In order to be entitled to a writ of mandamus, the relator must establish a clear legal right to the requested acts, a corresponding clear legal duty on the part of the

respondent to perform the requested acts, and the lack of a plain and adequate remedy in the ordinary course of law. *State ex rel. Woods v. Oak Hill Community Med. Ctr.*, 91 Ohio St.3d 459, 461 (2001). Relator must prove that he is entitled to the writ by clear and convincing evidence. *State ex rel. Cincinnati Enquirer v. Sage*, 142 Ohio St.3d 392, 2015-Ohio-974.

{¶ 12} According to R.C. 309.09(A),

> The prosecuting attorney shall be the legal adviser of the board of county commissioners, board of elections, all other county officers and boards, and all tax-supported public libraries, and any of them may require written opinions or instructions from the prosecuting attorney in matters connected with their official duties. The prosecuting attorney shall prosecute and defend all suits and actions that any such officer, board, or tax-supported public library directs or to which it is a party, and no county officer may employ any other counsel or attorney at the expense of the county, except as provided in section 305.14 of the Revised Code.

{¶ 13} The relevant exception, as provided by R.C. 305.14(A), permits a court of common pleas to authorize county commissioners to employ legal counsel to assist the prosecutor, board, or any other county officer in any matter of public business "upon the application of the prosecuting attorney and the board of county commissioners." According to the Ohio Supreme Court, the hiring of special counsel pursuant to R.C. 305.14(A) has "no viability until the common pleas court approves the application, and special counsel cannot be paid until the approval occurs." *State ex rel. Hamilton Cty. Bd. of Commrs. v. Hamilton Cty. Court of Common Pleas*, 126 Ohio St.3d 111, 2010-Ohio-2467, ¶ 33.[2]

{¶ 14} The record is clear that no such application was made to the common pleas court by the Commissioners and prosecutor to appoint special counsel in this situation. Nor

---

2. As recognized by the Sixth District Court of Appeals, 1990 Ohio Atty.Gen.Ops. No.90-096 provides that where no application to the court of common pleas was sought, as required by R.C. 305.14(A), the board could not reimburse the county employee for expenses of privately retained legal counsel. *Telb v. Lucas Cty. Bd. of Cty. Commrs.*, 6th Dist. Lucas No. L-13-1069, 2014-Ohio-343, ¶ 22.

did the common pleas court give such approval given that the application was never filed. Instead, the prosecutor specifically warned relator that he "may be responsible for costs incurred by hiring outside counsel." Despite the prosecutor expressly telling relator that two different counties were willing and able to assist in the prosecution of his case against the Commissioners, relator chose to continue utilizing his own choice of counsel.

{¶ 15} According to the record, the Madison County Prosecutor very clearly agreed to provide relator with outside counsel at no expense to relator. Despite this fact, relator asked the trial court to direct the Commissioners to appropriate funds to pay for counsel of his own choice. As such, and given that the prosecutor had already agreed to provide relator with outside counsel at no cost, relator lacked the legal right to pursue a claim for a cost he himself chose to incur.

{¶ 16} Stated more accurately, what realtor was *actually* asking for was a directive from the trial court that his particular choice of attorney be paid by county funds. However, there is no law or rule that requires the Commissioners to provide a specific attorney to represent a county official in a suit, nor does the law permit a county official to choose whomever he or she wishes for representation and have those legal fees paid when that county official brings suit.

{¶ 17} Despite these undisputed facts, the trial court relied upon an Ohio Supreme Court case in granting summary judgment in favor of relator. *State ex rel. Corrigan v. Seminatore*, 66 Ohio St.2d 459 (1981). In *Corrigan*, the Cuyahoga County Prosecutor brought an action on behalf of the state of Ohio against members of the Cuyahoga County Board of Mental Retardation seeking to recover from the members advertising fees paid on behalf of the board. The board in that case voted to place advertisements listing terms offered to its employees after those employees went on strike. The prosecutor, who believed that the board lacked authority to utilize state funds to advertise details of the strike, filed suit

against the board members individually and in their official capacity to recover the funds expended.

{¶ 18} After suit was filed against the board, the Cuyahoga County Prosecutor refused to appoint counsel to represent board members. Instead, the prosecutor determined that the board members' actions were so improper that the "defendant board members should not be allowed representation at public expense." *Id.* at 464. As such, the common pleas court in that case directly appointed counsel for the board, and authorized payment despite the lack of a joint application as required by R.C. 305.14 because it was clear that the prosecutor had a conflict of interest and was not otherwise going to permit the appointment of outside counsel to represent the board. In upholding the common pleas court's decision appointing counsel absent the joint application, the Ohio Supreme Court reasoned, "the prosecuting attorney not only failed to make the application but vigorously opposed appointment of other counsel, although admitting a conflict of interest exists." *Id.* at 465-466.

{¶ 19} Despite the trial court's reliance on *Corrigan*, we find that the facts of the case sub judice differ significantly from what occurred in *Corrigan* and the circumstances therein. Here, there is no indication that the Madison County Prosecutor was trying to deny relator the right to counsel, or that the prosecutor "vigorously opposed appointment of other counsel." Instead, the Madison County Prosecutor very clearly provided two options to relator for outside counsel by making prosecutors from Pickaway and Greene Counties available to represent relator.

{¶ 20} Even so, the trial court found *Corrigan* applicable because of its determination that no joint application would be filed by the prosecutor and Commissioners given their respective positions in regard to relator's suit. However, there is no indication in the record that had relator chosen to work with one of the other county's prosecutors, the Madison County Prosecutor and Commissioners would not have made a joint application to have

those prosecutors appointed at no cost to relator. In fact, the record is patently clear that the Madison County Prosecutor specifically offered to have either Greene or Pickaway County represent relator in his suit at no cost to relator.

{¶ 21} Moreover, there is nothing in *Corrigan* to stand for the proposition that the board in that case was permitted to choose its own counsel. In fact, when determining that no prejudice ensued from the common pleas court's appointment of counsel, the *Corrigan* Court noted, "if the prosecuting attorney and the board of county commissioners had made the joint application for appointment of counsel, as proper exercise of their duties would require, the same result would have ensued. *The only possible distinction might be different counsel being appointed if the board of county commissioners had made the appointment.*" (Emphasis added.) *Id.* at 466. This statement shows that while the supreme court recognized the right of the board to have counsel, the decision as to what counsel was ultimately appointed would have been made by the county commissioners had they chosen to appoint counsel. As such, the problem in *Corrigan* arose when the prosecutor refused to appoint *any* counsel on behalf of the board, not that the prosecutor refused to appoint *the specific counsel* the board wanted.

{¶ 22} Stated again, the law permits a common pleas court to authorize a prosecutor to employ legal counsel to assist the prosecutor, board, or county officer. R.C. 305.14(A). However, this unambiguous language does not indicate that the prosecutor, once authorized, must appoint the specific counsel requested by the county official, nor does the statute provide that the county official has the authority to choose specific representation.

{¶ 23} In the absence of any statutory requirement that a prosecutor employ specified legal counsel at the request of its county official, the prosecutor was within his discretion in providing relator outside counsel via the Pickaway or Greene County prosecutors, either of whom would have represented relator at no personal cost. As such, the prosecutor had no

legal duty to appoint the specific counsel relator was requesting, and relator had no clear legal right to be represented cost-free by counsel of his choice.

{¶ 24} After reviewing the record, we find that the grant of summary judgment in favor of relator was error. As such, the Commissioners' first assignment of error is sustained.

{¶ 25} Assignment of Error No. 2:

{¶ 26} THE TRIAL COURT ERRED IN OVERRULING THE COMMISSIONERS' MOTION TO DISMISS.

{¶ 27} The Commissioners argue in their second assignment of error that the trial court erred by denying their motion to dismiss.

{¶ 28} The Commissioners filed a motion to dismiss pursuant to Civ.R. 12(C), which is more specifically a motion for judgment on the pleadings. A trial court's decision on a Civ.R. 12(C) motion for judgment on the pleadings is reviewed by an appellate court de novo. *Golden v. Milford Exempted Village School Bd. of Edn.*, 12th Dist. Clermont No. CA2008-10-097, 2009-Ohio-3418, ¶ 6. Pursuant to Civ.R. 12(C), a judgment on the pleadings is appropriate if the court finds that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. In ruling on the Civ.R. 12(C) motion, the court construes as true all the material allegations in the complaint, with all reasonable inferences to be drawn therefrom, in favor of the nonmoving party. *Corporex Dev. & Constr. Mgt., Inc. v. Shook*, 106 Ohio St.3d 412, 2005-Ohio-5409, ¶ 2. Civ.R. 12(C) motions are specifically for resolving questions of law. *Whaley v. Franklin Cty. Bd. of Commrs.*, 92 Ohio St.3d 574, 581 (2001). "The determination of a motion for judgment on the pleadings is limited solely to the allegations in the pleadings and any writings attached to the pleadings." *Golden* at ¶ 6.

{¶ 29} After reviewing the record, and for the same reasons set forth above, we find that the trial court erred in not granting the Commissioners' motion for judgment on the pleadings. The Madison County Prosecutor acted within his discretion in providing outside

counsel to relator, and thus fulfilled the prosecutor's statutory duty to provide legal representation. The prosecutor did not, however, have a legal duty to pay the fee of anyone relator chose to act as private counsel. There is no indication in the record that the prosecutor and Commissioners would not have filed the proper joint application to pay for outside counsel once relator chose to move forward with either the Pickaway or Greene County Prosecutor, and thus the common pleas court was not in the position to authorize payment of relator's personal attorney fees. As such, the Commissioners' second assignment of error is also sustained.

{¶ 30} Assignment of Error No. 3:

{¶ 31} EVEN IF UPHELD (WHICH THE COMMISSIONERS STRONGLY DISPUTE SHOULD HAPPEN), THE WRIT OF MANDAMUS THAT WAS ISSUED MUST BE MODIFIED.

{¶ 32} The Commissioners argue in their third assignment of error that the writ of mandamus must be modified given that the current Madison County Engineer does not want to pursue the case against the Commissioners. However, and given our disposition of the first two assignments of error, we find the Commissioners' third assignment of error moot.

{¶ 33} The judgment of the trial court is reversed, and this cause is remanded to the trial court with instructions to enter judgment on the pleadings on behalf of the Commissioners in accordance with Civ.R. 12(C).

S. POWELL and RINGLAND, JJ., concur.