[Cite as *State v. Hill*, 2020-Ohio-1433.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

WARREN COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Appellee, | : | CASE NO. CA2019-07-072 |
| | : | O P I N I O N |
| - vs - | | 4/13/2020 |
| | : | |
| DEMETRIUS HILL, | : | |
| Appellant. | : | |

CRIMINAL APPEAL FROM WARREN COUNTY COURT OF COMMON PLEAS
Case No. 18CR34834

David P. Fornshell, Warren County Prosecuting Attorney, Kirsten A. Brandt, 520 Justice Drive, Lebanon, Ohio 45036, for appellee

Craig A. Newburger, 477 Forest Edge Drive, South Lebanon, Ohio 45065, for appellant

**RINGLAND, J.**

{¶ 1} Appellant, Demetrius Hill, appeals a decision of the Warren County Court of Common Pleas ordering him to pay $1,678.00 in restitution. For the reasons detailed below, we reverse and remand for further proceedings.

{¶ 2} Hill pled guilty to one count of passing bad checks in violation of R.C. 2913.11, a fifth-degree felony, and the matter was set for sentencing.

{¶ 3} At the sentencing hearing, Hill disputed the restitution amount set forth by the state and requested a hearing. The trial court indicated that Hill's request could be addressed on appeal or in a subsequent restitution hearing.[1] The trial court then ordered restitution in the amount of $1,678.00. Hill now appeals, raising a single assignment of error for review:

{¶ 4} THE TRIAL COURT ERRED BY NOT GRANTING APPELLANT A RESTITUTION HEARING.

{¶ 5} In his sole assignment of error, Hill argues the trial court erred by refusing to hold an evidentiary hearing before ordering restitution after Hill disputed the restitution amount.

{¶ 6} R.C. 2929.18(A)(1) grants a trial court the authority to order restitution by an offender to a victim, or any survivor of the victim, in an amount commensurate with the victim's economic loss. *State v. Lee*, 12th Dist. Warren No. CA2018-11-134, 2019-Ohio-4725, ¶ 8. As defined by R.C. 2929.01(L), the term "economic loss" means "any economic detriment suffered by a victim as a direct and proximate result of the commission of an offense."

{¶ 7} If the court imposes restitution at sentencing, the court must determine the amount of restitution at that time. *State v. Lowe*, 1st Dist. Hamilton No. C-130048, 2013-Ohio-4224, ¶ 4. Pursuant to R.C. 2929.18(A)(1), "[i]f the court decides to impose restitution, the court shall hold a hearing on restitution if the offender, victim, or survivor disputes the amount." Therefore, as this court has stated previously, "if the court decides to impose restitution, it must hold a hearing if the offender disputes the amount." *State v. Geldrich*,

---

1. There is no record that a subsequent evidentiary hearing was held, nor would such a hearing resolve the issue as the Ohio Supreme Court has held "an order of restitution imposed by the sentencing court on an offender for a felony is part of the sentence and, as such, is a final and appealable order." *State v. Danison*, 105 Ohio St.3d 127, 2005-Ohio-781, ¶ 8; *State v. Lowe*, 1st Dist. Hamilton No. C-130048, 2013-Ohio-4224, ¶ 3.

12th Dist. Warren No. CA2014-08-112, 2015-Ohio-1706, ¶ 8; *State v. Lalain*, 136 Ohio St. 3d 248, 2013-Ohio- 3093, ¶ 22 (noting the statute "mandates that the court must hold a hearing on restitution" if the offender disputes the amount of restitution imposed).

{¶ 8} In this case, the record establishes that Hill disputed the amount of restitution imposed and explicitly requested an evidentiary hearing on the matter. As a result, pursuant to the requirements found in R.C. 2929.18(A)(1), the trial court was required to hold an evidentiary hearing to determine the appropriate amount of restitution that should be imposed. The trial court's refusal to hold an evidentiary hearing under these circumstances constitutes reversible error. *See, e.g., Geldrich* at ¶ 9 (finding the trial court's refusal to hold an evidentiary hearing after the offender specifically disputed the amount of restitution ordered at sentencing constituted reversible error). Hill's sole assignment of error is sustained, the restitution order is reversed, and this matter is remanded to the trial court to conduct an evidentiary hearing in compliance with the requirements of R.C. 2929.18(A)(1).

{¶ 9} Judgment reversed and remanded for further proceedings.

HENDRICKSON, P.J., and S. POWELL, J., concur.