[Cite as *State ex rel. Howery v. Powers*, 2020-Ohio-2767.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY

|  |  |  |
|---|---|---|
| STATE OF OHIO, ex rel.,<br>DEBORAH HOWERY, | : | |
| | : | CASE NO. CA2019-03-045 |
| Relator, | : | O P I N I O N<br>5/4/2020 |
| - vs - | : | |
| | : | |
| JUDGE NOAH POWERS, | : | |
| Respondent. | : | |

ORIGINAL ACTION IN MANDAMUS

Michael T. Gmoser, Butler County Prosecuting Attorney, John C. Heinkel, Government Services Center, 315 High Street, 11th Floor, Hamilton, Ohio, for respondent

Morgan Keilholz, 2300 Montana Avenue, Suite 238, Cincinnati, Ohio 45211, for relator

**RINGLAND, J.**

{¶ 1} This matter is before the court upon a complaint for a writ of mandamus filed by relator, Deborah Howery, in which she asserts that she is a victim entitled to certain rights under Article I, Section 10a of the Ohio Constitution, commonly referred to as Marsy's Law, and seeks an order to compel respondent, Judge Noah Powers, to reopen sentencing in *State v. Brasher*, Butler C.P. No. CR2018-05-0933, to enforce her constitutional right to restitution.

{¶ 2} The parties entered into a stipulated statement of facts. On December 3, 2017, Howery's vehicle was stolen and wrecked by Kyle Brasher. On September 17, 2018, Brasher pled guilty to one count of grand theft of a motor vehicle. *State v. Brasher*, Butler C.P. No. CR2018-05-0933.

{¶ 3} The trial court ordered a presentence-investigative report ("PSI") and set the matter for a sentencing hearing. The PSI stated "[r]estitution is unknown at this time, as the victim has not had the car repaired yet, but they have been given several estimates."

{¶ 4} On October 16, 2018, the day of sentencing, Howery submitted a victim impact statement to the court. The victim impact statement alleged she had sustained an economic loss due to Brasher's criminal acts. The victim impact statements included attachments for reference during the sentencing hearing, which included two repair estimates for the vehicle.[1]

{¶ 5} The trial court sentenced Brasher to an 18-month prison term. As pertinent to this matter, the trial court did not impose a restitution order. As a result, Howery brought this action in mandamus to compel the trial court to reopen sentencing and order Brasher to make full and timely restitution in the amount of $3,021.

{¶ 6} This matter is now before the court on reciprocal motions for summary judgment. Civ.R. 56 sets forth the summary judgment standard and requires that there be no genuine issues of material fact to be litigated, the moving party is entitled to judgment as a matter of law, and reasonable minds can come to only one conclusion which is adverse to the nonmoving party. *Slowey v. Midland Acres, Inc.*, 12th Dist. Fayette No. CA2007-08-030, 2008-Ohio-3077, ¶ 8. The moving party has the burden of demonstrating that there is no genuine issue of material fact. *Harless v. Willis Day Warehousing Co.*, 54 Ohio St.2d 64, 66

---

1. In the parties' stipulated statement of facts, the parties agree that some, but not all of the attachments, were submitted to the trial court for reference during the sentencing hearing. The attachments include a certificate of title for the vehicle, the police incident report, information concerning the criminal proceedings, the victim impact statement, and repair estimates. The victim impact statement at the sentencing hearing did not include a third additional repair estimate or the Kelly Blue Book information.

- 2 -

(1978).

{¶ 7} The nonmoving party "may not rest on the mere allegations of his pleading, but his response, by affidavit or as otherwise provided in Civ.R. 56, must set forth specific facts showing the existence of a genuine triable issue." *Mootispaw v. Eckstein*, 76 Ohio St.3d 383, 385 (1996). A dispute of fact can be considered "material" if it affects the outcome of the litigation. *State ex rel. Madison Cty. Engineer v. Madison Cty. Bd. of Commrs.*, 12th Dist. Madison No. CA2016-01-003, 2016-Ohio-7191, ¶ 10. A dispute of fact can be considered "genuine" if it is supported by substantial evidence that exceeds the allegations in the complaint. *Id.*

{¶ 8} To be entitled to a writ of mandamus, relator is required to show: (1) a clear legal right to the requested relief, (2) a clear legal duty on respondent's part to provide it, and (3) the lack of an adequate remedy in the ordinary course of the law. *State ex rel. Waters v. Spaeth*, 131 Ohio St.3d 55, 2012-Ohio-69, ¶ 6. Relator must prove that he is entitled to the writ by clear and convincing evidence. S*tate ex rel. Cincinnati Enquirer v. Sage*, 142 Ohio St. 3d 392, 2015-Ohio-974, ¶ 10.

{¶ 9} The constitutional amendment known as Marsy's Law became effective on February 5, 2018, and expands the rights afforded to victims of crimes. *State v. Lee*, 12th Dist. Warren No. CA2018-11-134, 2019-Ohio-4725, ¶ 12. Marsy's Law provides that victims have the right "to full and timely restitution from the person who committed the criminal offense or delinquent act against the victim." Ohio Constitution, Article I, Section 10a(A)(7).

{¶ 10} This case presents an issue of first impression in this state. Relator, as a crime victim, seeks to exercise her constitutional rights guaranteed by Marsy's Law to full and timely restitution for the economic loss caused by the offender. Respondent does not dispute that relator is the victim and supports the expansion of victim's rights embodied by Marsy's Law. However, respondent disputes the procedures to effectuate Marsy's Law and whether a court

can be compelled to issue an order of restitution in the amount claimed by relator.

{¶ 11} Following review, we find relator has satisfied the requirements for the issuance of a writ of mandamus. Therefore, we issue the writ to compel resentencing in *State v. Brasher*, Butler C.P. No. CR2018-05-0933. However, we overrule relator's argument that she is entitled to an award of $3,021. Instead, we issue the writ directing respondent to conduct a restitution hearing in accordance with R.C. 2929.18(A)(1).

{¶ 12} In this case, it is undisputed that relator is the victim of a crime and that she suffered economic loss from the offender through the commission of a criminal offense. Under the new provisions in Marsy's Law, there was a clear legal duty to provide for full and timely restitution. Ohio Constitution, Article I, Section 10a(A)(7). Thus, there is no genuine issue of material fact that relator has satisfied her burden of showing the first and second prongs for mandamus: a clear legal right to restitution, and a clear legal duty on respondent's part to provide it.

{¶ 13} We also find that relator has satisfied the third prong for the issuance of a writ of mandamus, i.e., that she lacks an adequate remedy in the ordinary course of the law. As set forth in Ohio Constitution, Article I, Section 10a(B):

> (B) The victim, the attorney for the government upon request of the victim, or the victim's other lawful representative, in any proceeding involving the criminal offense or delinquent act against the victim or in which the victim's rights are implicated, may assert the rights enumerated in this section and any other right afforded to the victim by law. *If the relief sought is denied, the victim or the victim's lawful representative may petition the court of appeals for the applicable district, which shall promptly consider and decide the petition.*

(Emphasis added).

{¶ 14} Thus, by the terms of the constitutional provision, the remedy for the victim in this circumstance is to petition the court of appeals. *State v. Hughes*, 8th Dist. Cuyahoga No. 107697, 2019-Ohio-1000, ¶ 14 ("while Marsy's Law expands the rights of victims, the law

does not make a victim a party to a criminal action"). Appellate courts have original jurisdiction to hear actions in quo warranto, mandamus, habeas corpus, prohibition, procedendo, or "[i]n any cause on review as may be necessary to its complete determination." Ohio Constitution, Article IV, Section 3(B)(1). This is not inconsistent with other similar provisions throughout the country, such as the federal Crime Victims' Rights Act, 18 U.S.C. 3771, which allows alleged victims to challenge trial court decisions through a writ of mandamus.

{¶ 15} We are likewise unpersuaded by the argument that relator could obtain reimbursement for her losses through other means, such as through private insurance, the Ohio Crime Victim Compensation Fund, or a separate civil action. The right to restitution is not synonymous with reimbursement, which is contemplated by R.C. 2929.18 where the statute specifically references recovery in a civil action as offsetting restitution payments. Furthermore, an order of restitution provides a victim with compensation without the need for a new civil proceeding and includes other protections, such as the inability to discharge a restitution order in bankruptcy proceedings. *See Kelly v. Robinson*, 479 U.S. 36, 38, 107 S.Ct. 353 (1986); *Morgan v. Mikhail*, 10th Dist. Franklin Nos. 04AP-195 and 04AP-196, 2004-Ohio-5792, ¶ 8 ("[r]estitution orders imposed by state criminal courts as part of a criminal sentence are preserved from discharge in bankruptcy"). As a result, we find relator's only adequate remedy for "full and timely restitution" is through the grant of a writ of mandamus.

{¶ 16} However, this court's ruling does not imply that relator is entitled to a restitution award of $3,021. It is well established that "mandamus will not lie to control a judge's discretion to determine the legal and factual issues properly raised in the case before him." *State ex rel. Roush v. Montgomery*, 156 Ohio St.3d 351, 2019-Ohio-932, ¶ 10. "Although a writ of mandamus may require an inferior tribunal to exercise its judgment or to proceed to the discharge of its function, * * * it may not control judicial discretion[.]" *State ex rel. Ney v.*

*Niehaus*, 33 Ohio St.3d 118, 119 (1987). Rather, in issuing the writ, we find that Marsy's Law does not conflict with R.C. 2929.18(A)(1). *See* Ohio Constitution, Article I, Section 10a(E) ("[a]ll provisions of this section shall be self-executing and severable, and shall supersede all conflicting state laws").

{¶ 17} R.C. 2929.18(A)(1) grants a trial court the authority to order restitution by an offender to a victim, or any survivor of the victim, in an amount commensurate with the victim's economic loss. *Lee*, 2019-Ohio-4725 at ¶ 8. As defined by R.C. 2929.01(L), the term "economic loss" means "any economic detriment suffered by a victim as a direct and proximate result of the commission of an offense." The need to establish damages must still bear a reasonable relationship to the actual loss suffered by the victim. *State v. Bowman*, 181 Ohio App.3d 407, 2009-Ohio-1281, ¶ 10 (2d Dist.).

{¶ 18} If the court imposes restitution at sentencing, the court must determine the amount of restitution at that time. *State v. Lowe*, 1st Dist. Hamilton No. C-130048, 2013-Ohio-4224, ¶ 4. Pursuant to R.C. 2929.18(A)(1), "[i]f the court decides to impose restitution, the court shall hold a hearing on restitution if the offender, victim, or survivor disputes the amount." Therefore, as this court has stated previously, "if the court decides to impose restitution, it must hold a hearing if the offender disputes the amount." *State v. Geldrich*, 12th Dist. Warren No. CA2014-08-112, 2015-Ohio-1706, ¶ 8; *State v. Lalain*, 136 Ohio St. 3d 248, 2013-Ohio-3093, ¶ 22 (noting the statute "mandates that the court must hold a hearing on restitution" if the offender disputes the amount of restitution imposed).

{¶ 19} This court has consistently found reversible error where, pursuant to the requirements found in R.C. 2929.18(A)(1), a trial court was required to hold an evidentiary hearing to determine the appropriate amount of restitution that should be imposed. *Geldrich* at ¶ 10; *State v. Hill*, 12th Dist. Warren No. 2019-07-072, 2020-Ohio-1433, ¶ 8 (finding the trial court's refusal to hold an evidentiary hearing after the offender specifically disputed the

amount of restitution ordered at sentencing constituted reversible error).

{¶ 20} In this case, relator presented evidence that she sustained economic loss due to Brasher's criminal acts. The issue of restitution was in dispute at the time of the sentencing hearing, however, no restitution was granted and there is no indication that a hearing was held as to the amount of restitution. Since we find there are no genuine issues of material fact that relator has satisfied all three prongs necessary for a writ of mandamus, we hereby grant summary judgment to relator, deny respondent's motion for summary judgment, and issue a writ directing respondent to reopen sentencing in *State v. Brasher*, Butler C.P. No. CR2018-05-0933, to allow relator to enforce her constitutional right of restitution. There, relator will be able to assert her right to restitution and the matter may proceed and be subject to the provisions contained in R.C. 2929.18.

{¶ 21} Writ granted.

M. POWELL, P.J., and S. POWELL, J., concur.