[Cite as *State v. Mickey*, 2022-Ohio-2396.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. W. Scott Gwin, P.J. |
| Plaintiff-Appellee | Hon. William B. Hoffman, J.<br>Hon. Craig R. Baldwin, J. |
| -vs- | |
| | Case No. 2021CA00131 |
| SEAN ROBERT MICKEY | |
| Defendant-Appellant | O P I N I O N |

CHARACTER OF PROCEEDINGS:     Appeal from the Stark County Court of
Common Pleas, Case No. 2021CR0163

JUDGMENT:     Affirmed

DATE OF JUDGMENT ENTRY:     July 11, 2022

APPEARANCES:

For Plaintiff-Appellee

KYLE L. STONE
Prosecuting Attorney
Stark County, Ohio

TIMOTHY E. YAHNER
Assistant Prosecuting Attorney
Appellate Division
110 Central Plaza, South – Suite #510
Canton, Ohio 44702-1413

For Defendant-Appellant

STEVEN A. REISCH
201 Cleveland Avenue, S.W.
Suite #104
Canton, Ohio 44702

*Hoffman, J.*

**{¶1}** Defendant-appellant Sean Robert Mickey appeals the November 8, 2021 Judgment Entry entered by the Stark County Court of Common Pleas, which ordered him to pay restitution. Plaintiff-appellee is the state of Ohio.

## STATEMENT OF THE CASE[1]

**{¶2}** On February 25, 2021, the Stark County Grand Jury indicted Appellant on one count of breaking and entering, in violation of R.C. 2911.13(A)(C), a felony of the fifth degree. Appellant appeared before the trial court on May 3, 2021, withdrew his original plea of not guilty, and entered a plea of guilty to the Indictment. The trial court accepted Appellant's plea, found him guilty, and sentenced him to community control for a period of three years.

**{¶3}** The trial court memorialized Appellant's change of plea and sentence via Judgment Entry filed May 6, 2021. The state, on behalf of the victim, filed a motion on May 6, 2021, requesting the trial court reschedule the sentencing hearing. Therein, the state acknowledged Appellant had entered a plea of guilty and was sentenced on May 3, 2021. The state explained the victim was not present at the hearing and the motion was being brought because the victim desired to be present for the sentencing and wanted to request restitution. Appellant filed a response to the state's motion on May 11, 2021, arguing, inter alia, reopening the case would violate his right to be free from double jeopardy. Appellant filed a supplemental response on May 19, 2021. The state filed a notice of supplemental case law on sentencing on May 20, 2021.

---

[1] A Statement of the Facts is not necessary to our disposition of this Appeal.

**{¶4}** Via Judgment Entry filed May 27, 2021, the trial court found "the proper remedy would be to set this matter for a pretrial to examine the restitution request by all parties, and if the matter is not resolved, then the Court will set it for an evidentiary hearing." *Id.* at p. 6, unpaginated. The trial court concluded, "[i]t does not appear that this action would be barred by the Double Jeopardy Clause." *Id.* Appellant filed a motion for reconsideration on June 9, 2021.

**{¶5}** After a number of continuances, the trial court conducted a hearing on November 1, 2021. Collin Miller, the victim, testified he received an oral estimate of $329.00, to repair the damage caused by Appellant during the commission of the offense. The cost broke down to $179.00 for a new window and $150.00 for installation. Appellant called Shawn Ferrell, a victim advocate with the Stark County Prosecutor's Office, to testify on his behalf. Ferrell indicated he left a voicemail for Miller advising the victim of the May 3, 2021 hearing. Ferrell added Miller wanted to be present at every hearing and wished to seek restitution. When Miller did not appear at the May 3, 2021 hearing, Ferrell contact him to let him know what had transpired. Ferrell noted Miller was surprised the hearing had taken place as he mistakenly believed May 3rd was a Wednesday when it was actually a Monday.

**{¶6}** Via Judgment Entry filed November 8, 2021, the trial court ordered Appellant to pay restitution to Miller in the amount of $329.00.

**{¶7}** It is from this judgment entry Appellant appeals, raising the following assignments of error:

I. THE TRIAL COURT VIOLATED APPELLANT'S RIGHTS UNDER THE DOUBLE JEOPARDY CLAUSES OF THE FIFTH AND FOURTEENTH AMENDMENTS OF THE UNITED STATES CONSTITUTION, AND ARTICLE I, SECTION 10 OF THE OHIO CONSTITUTION, WHEN IT FILED AN ENTRY ADDITIONALLY ORDERING APPELLANT TO PAY $329.00 IN RESTITUTION, AFTER APPELLANT'S LAWFULLY-IMPOSED ORIGINAL SENTENCE HAD ALREADY BEEN JOURNALIZED AND EXECUTION ON THE SENTENCE HAD COMMENCED.

II. THE TRIAL COURT ERRED WHEN IT ORDERED A RESTITUTION AMOUNT UNSUPPORTED BY PROPER DOCUMENTARY EVIDENCE.

I

{¶8}   In his first assignment of error, Appellant contends the trial court violated his rights under the Double Jeopardy Clauses of the Fifth and Fourteenth Amendments to the United States Constitution, and Section 10, Article I, Ohio Constitution by issuing the November 8, 2021 Judgment Entry ordering him to pay restitution after his sentence had been journalized and execution of the sentence had commenced.   Specifically, Appellant asserts jeopardy attached upon the filing of the May 6, 2021 Judgment Entry.

*Marsy's Law*

{¶9}    Marsy's Law became effective on February 5, 2018, when Article I, Section 10a of the Ohio Constitution was amended following an initiative adopted by Ohio voters at the 2017 general election. Relevant to the instant appeal, Marsy's Law provides:

(A) To secure for victims justice and due process throughout the criminal and juvenile justice systems, a victim shall have the following rights, which shall be protected in a manner no less vigorous than the rights afforded to the accused:

* * *

(7) to full and timely restitution from the person who committed the criminal offense or delinquent act against the victim.

Article I, Section 10a(A), Ohio Constitution.

{¶10}  In *State ex rel. Howery v. Powers*, 12th Dist. Butler No. CA2019-03-045, 2020-Ohio-2767, 154 N.E.3d 146, the Twelfth District Court of Appeals held, "[u]nder the new provisions in Marsy's Law, there [is] a clear legal duty to provide for full and timely restitution." *Id.* at ¶ 12 (Citation omitted).  The relator in *Howery*, the victim, filed a writ of mandamus, seeking an order of restitution from the defendant convicted of grand theft of a motor vehicle.  *Id.* at ¶ 1. The Twelfth District granted the writ and reopened the defendant's sentencing.  *Id.* at ¶ 21.  In reaching its decision, the *Howery* Court considered the interplay between Marsy's Law and the trial court's authority to award

restitution and determined Marsy's Law does not conflict with the provisions of 2929.18(A)(1). *Id.* at ¶ 16.

**{¶11}** In *Centerville v. Knab*, 162 Ohio St. 3d 623, 2020 -Ohio- 5219, 166 N.E.3d 1167, the Ohio Supreme Court clarified:

> Marsy's Law also does not provide a procedural mechanism for ordering restitution. It merely states that a victim may assert his or her constitutional rights in any proceeding involving the underlying criminal act. Article I, Section 10a(B).
>
> *Id.* at ¶ 18.

**{¶12}** In *Knab*, the Ohio Supreme Court determined a municipal corporation is not a "person" against whom a criminal offense or delinquent act is committed and thus does not qualify as a "victim" which could receive an award of restitution, under constitutional amendment expanding rights of crime victims, or Marsy's Law. *Id.* at ¶ 31.

**{¶13}** Based upon the Ohio Supreme Court's clarification in *Knab*, supra, and the Twelfth District Court of Appeal's holding in *Howery*, supra, we conclude Marsy's Law creates a clear legal duty for the trial court to provide for "full and timely restitution" in accordance with the procedures set forth in R.C. 2929.18.

*Double Jeopardy*

**{¶14}** The Double Jeopardy Clause of the Fifth Amendment to the United States Constitution, made applicable to the states through the Fourteenth Amendment to the United States Constitution, protects individuals against multiple punishments for the same

offense. *North Carolina v. Pearce*, 395 U.S. 711, 717–718, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969). Its primary purpose is to preserve the finality or integrity of judgments. *United States v. DiFrancesco*, 449 U.S. 117, 128, 101 S.Ct. 426, 66 L.Ed.2d 328 (1980). An individual's legitimate expectation of finality in his or her sentence is a key factor in determining whether or not double jeopardy protections are implicated. Thus, application of double jeopardy protections to a change in a sentence is dependent upon the extent and legitimacy of a defendant's expectation of finality. *State v. McColloch*, 78 Ohio App.3d 42, 603 N.E.2d 1106 (1991).

*Analysis*

{¶15} "A trial court may correct a legally improper sentence, even if a greater penalty is imposed upon resentencing." *Brook Park v. Necak* (1986), 30 Ohio App.3d 118, 119, 506 N.E.2d 936, 937-938. "[A] resentencing that imposes a more severe sentence to correct an omitted mandatory penalty does not violate the Double Jeopardy Clause." *State v. Waddell* (19956), 106 Ohio App.3d 600, 603, 666 N.E.2d 649, 651, citing *Bozza v. United States* (1947), 330 U.S. 160, 166-167, 67 S.Ct. 645, 648-649, 91 L.Ed. 818, 821-822.

{¶16} With the enactment of Marsy's Law, a victim of a crime now has a constitutional right to full and timely restitution. Because Appellant's original sentence did not include restitution, we find said sentence was "legally improper." As such, the trial court had the authority to reopen the matter and order restitution without violating the Double Jeopardy Clause.

{¶17} Appellant's first assignment of error is overruled.

II

{¶18} In his second assignment of error, Appellant maintains the trial court erred in ordering him to pay restitution in the amount of $329.00, as said amount was not supported by proper documentary evidence. We disagree.

{¶19} R.C. 2929.18(A)(1) governs restitution orders:

(A) Except as otherwise provided in this division and in addition to imposing court costs pursuant to section 2947.23 of the Revised Code, the court imposing a sentence upon an offender for a felony may sentence the offender to any financial sanction or combination of financial sanctions authorized under this section or, in the circumstances specified in section 2929.32 of the Revised Code, may impose upon the offender a fine in accordance with that section. Financial sanctions that may be imposed pursuant to this section include, but are not limited to, the following:

(1) Restitution by the offender to the victim of the offender's crime or any survivor of the victim, in an amount based on the victim's economic loss. If the court imposes restitution, the court shall order that the restitution be made to the victim in open court, to the adult probation department that serves the county on behalf of the victim, to the clerk of courts, or to another agency designated by the court. If the court imposes restitution, at sentencing, the court shall determine the amount of restitution to be made by the offender. If the court imposes restitution, the court may base the amount of restitution it orders on an amount recommended by the victim,

the offender, a presentence investigation report, estimates or receipts indicating the cost of repairing or replacing property, and other information, provided that the amount the court orders as restitution shall not exceed the amount of the economic loss suffered by the victim as a direct and proximate result of the commission of the offense. If the court decides to impose restitution, the court shall hold a hearing on restitution if the offender, victim, or survivor disputes the amount. All restitution payments shall be credited against any recovery of economic loss in a civil action brought by the victim or any survivor of the victim against the offender.

**{¶20}** We review restitution orders under an abuse of discretion standard. See, e.g*., State v. Sheets*, 5th Dist. Licking No. 17 CA 44, 2018-Ohio-996, ¶ 15; *State v. Cook*, 5th Dist. Fairfield No. 16–CA–28, 2017–Ohio–1503, ¶ 8; *State v. Andrews*, 5th Dist. Delaware No. 15 CAA 12 0099, 2016–Ohio–7389, ¶ 40. An order of restitution must be supported by competent and credible evidence from which the trial court can discern the amount of restitution to a reasonable degree of certainty. *State v. Spencer*, 5th Dist. Delaware No. 16 CAA 04 0019, 2017–Ohio–59, ¶ 44 (Citations omitted). Furthermore, a trial court abuses its discretion if it orders restitution in an amount that does not bear a reasonable relationship to the actual loss suffered. *Id.* (Citations omitted).

**{¶21}** Appellant contends the trial court erred in basing the amount of restitution on the victim's testimony, arguing the $329.00 figure was not supported by documentary evidence.  However, the evidence which supports a court's restitution order "can take the form of either documentary evidence or testimony." *State v. Jones*, 10th Dist. No. 14AP-

80, 2014-Ohio-3740, ¶ 23 (Citation omitted). Thus, "a restitution order may be supported by the victim's testimony alone without documentary corroboration." *State v. Jones*, 10th Dist. No. 15AP-45, 2015-Ohio-3983, ¶ 16 (Citation omitted). Accord, *State v. McClain*, 5th Dist. No. 2010 CA 00039, 2010-Ohio-6413, ¶ 34 (observing "R.C. 2929.18(A)(1) allows the trial court to rely upon the amount of restitution recommended by the victim, and does not require written documentation"); *State v. Graham*, 2d Dist. No. 25934, 2014-Ohio-4250, ¶ 57 (stating the "testimony of a victim, if determined to be credible, is sufficient to support a restitution order; no documentation is required to substantiate the victim's testimony").

**{¶22}** We find there was competent and credible evidence to support the amount of restitution imposed by the trial court under R.C. 2929.28(A)(1). Miller testified he went to a window repair company around the corner from his home. He was told the window could not be fixed and he would have to purchase a whole new window. Miller then telephoned The Home Depot and was advised the cost to replace the window would be $329.00, which included $179.00 for the actual window and $150.00 for installation. Miller wrote his own "estimate. . . based on making a phone call to Home Depot on what that size window costs, and. . . what they estimated a person coming out and doing it [installing the new window] would cost." Transcript of November 1, 2021 Restitution Hearing at 10. The trial court determined Miller's testimony was credible.

**{¶23}** Because R.C. 2929.18(A)(1) allows a trial court to rely upon the amount of restitution recommended by the victim and does not require written documentation, we find the trial court did not abuse its discretion in ordering Appellant to pay the amount of $329.00 in restitution.

**{¶24}** Appellant's second assignment of error is overruled.

**{¶25}** The judgment of the Stark County Court of Common Pleas is affirmed.


By: Hoffman, J.

Gwin, P.J.  and

Baldwin, J. concur